UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WESLEY I. PURKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00517-JRS-DLP |
| | ) | |
| WILLIAM BARR, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### ENTRY DENYING AS PRESENTED MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, SEVERING CLAIMS, AND DIRECTING ISSUANCE OF PROCESS

This action is before the Court for resolution of Plaintiff Wesley Purkey's motion for leave to proceed *in forma pauperis*, dkt. 2; for screening of his complaint pursuant to 28 U.S.C. § 1915A(b); and for issuance of process on the defendants.

### I. Motion for Leave to Proceed *In Forma Pauperis*

Mr. Purkey's motion for leave to proceed *in forma pauperis*, dkt. [2], is **denied as presented**. He shall have **through November 29, 2019**, to renew his motion by filing a copy of the transaction history associated with his institution trust account for the six-month period preceding the filing of this action on October 28, 2019.

### II. Screening

Mr. Purkey is an inmate at the U.S. Penitentiary at Terre Haute, Indiana. Because he is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint.

**A.      Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**B.      The Complaint**

Mr. Purkey is an inmate in the special confinement unit (SCU). He has been sentenced to death, and his execution has been scheduled for December 13, 2019. Mr. Purkey's complaint concerns two issues: the basis upon which he has been selected for execution, and the conditions of his confinement in the SCU.

The defendants are U.S. Attorney General William Barr, Bureau of Prisons Director Hugh Hurwitz, Warden J.T. Watson, and Captain Taylor. Mr. Purkey seeks damages and injunctive and declaratory relief.

Mr. Purkey alleges that, among the pool of inmates with death sentences, only a very small number have been scheduled for execution. He alleges that he has been selected for execution either arbitrarily or because of his race or his history of filing grievances and lawsuits in prison.

Mr. Purkey also alleges that, since his execution date was set, an officer has come to his cell to check on him every fifteen minutes. This includes shining a flashlight on him while he is sleeping. As a result, he has not been able to sleep more than fifteen minutes at a time, and he is experiencing anxiety, fatigue, chest pains, severe headaches, disorientation, and an elevated heart rate.

## C.      Discussion

This action **shall proceed** with claims against Defendants Barr and Hurwitz based on the First and Fifth Amendments, Title VII of the Civil rights Act of 1964, 42 U.S.C. § 1981, and the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). These claims are based on the assertions that the defendants selected Mr. Purkey for execution either arbitrarily, based on his race, or as an act of retaliation, and they shall proceed against Defendants Barr and Hurwitz in their individual and official capacities.

Mr. Purkey has also articulated claims against Defendants Watson and Barr based on his sleep deprivation. However, these claims may not proceed in the same action as those discussed in the previous paragraph.

Defendants may be joined in a single lawsuit only if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added).

Mr. Purkey's two sets of claims hinge on separate legal and factual issues. One concerns the basis upon which he has been selected for execution, and the other concerns his treatment as an inmate. No question of law or fact that applies to Mr. Purkey's claims against Mr. Barr and Mr. Hurwitz would also apply to his claims against Mr. Watson and Mr. Taylor, and vice versa.

When claims are misjoined, the Court has authority to "sever any claim." Fed. R. Civ. P. 21. In fact, it is preferable for the Court to sever misjoined claims, "allowing those grievances to continue in spin-off actions, rather than dismiss them." *Wilson v. Bruce*, 400 F. App'x 106, 108 (7th Cir. 2010) (citing Fed. R. Civ. P. 21; *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)).

Therefore, Mr. Purkey's sleep-deprivation claims against Defendants Watson and Taylor are **severed** and shall proceed in a separate action. The **clerk is directed** to terminate Defendants Watson and Taylor as defendants in this action. The **clerk is also directed** to open a new civil action in the Terre Haute Division consistent with the following:

(a) The plaintiff shall be Wesley Purkey.

(b) The defendants shall be (1) J.T. Watson, Complex Warden, and (2) Captain Taylor.

(c) The Nature of Suit shall be 555.

(d) The Cause of Action shall be 28:1331.

(e) The clerk shall file copies of the complaint (dkt. 1), the motion for leave to proceed *in forma pauperis* (dkt. 2), and this Entry in the new action.

(f) This action and the new action shall be shown as linked actions on the docket.

(g) The assignment of judicial officers shall be by random draw.

The Court will screen Mr. Purkey's sleep-deprivation claims pursuant to § 1915A(b) once the new action is opened.

### III. Issuance of Process

**Personal service is required** in serving Defendants (1) William Barr and (2) Hugh Hurwitz. *Robinson v. Turner*, 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his designee shall serve the summons, together with copies of the complaint (dkt. 1) and this Entry, on the defendants pursuant to Fed. R. Civ. P. 4(i)(2), at the expense of the United States.

4

## IV. Conclusion

In Conclusion:

- Mr. Purkey's motion for leave to proceed *in forma pauperis*, dkt. [2], is **denied as presented**. He shall have **through November 29, 2019**, to renew his motion by filing a copy of the transaction history associated with his institution trust account for the six-month period preceding the filing of this action on October 28, 2019.

- This action **shall proceed** with claims against Defendants Barr and Hurwitz, in their individual and official capacities, based on the First and Fifth Amendments, Title VII of the Civil rights Act of 1964, 42 U.S.C. § 1981, and the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

- Mr. Purkey's sleep-deprivation claims against Defendants Watson and Taylor are **severed** and shall proceed in a separate action. The **clerk is directed** to terminate Defendants Watson and Taylor as defendants in this action and to open a new civil action in the Terre Haute Division as discussed in Part II(C) above.

- The Marshal shall issue process to Defendants Barr and Hurwitz in the manner discussed in Part III.

**IT IS SO ORDERED.**


Date:    11/12/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

WESLEY I. PURKEY
14679-045
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
Southern District of Indiana
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204