UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WESLEY I. PURKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00541-JMS-DLP |
| | ) | |
| J.T. WATSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DENYING AS PRESENTED MOTION FOR LEAVE
TO PROCEED *IN FORMA PAUPERIS*, SCREENING
COMPLAINT, AND DIRECTING ISSUANCE OF PROCESS**

This action is before the Court for resolution of Plaintiff Wesley Purkey's motion for leave to proceed *in forma pauperis*, dkt. 3; for screening of his complaint pursuant to 28 U.S.C. § 1915A(b); and for issuance of process on the defendants.

**I. Motion for Leave to Proceed *In Forma Pauperis***

Mr. Purkey's motion for leave to proceed *in forma pauperis*, dkt. [3], is **denied as presented**. He shall have **through November 29, 2019**, to renew his motion by filing a copy of the transaction history associated with his institution trust account for the six-month period preceding the filing of this action on November 12, 2019.

**II. Screening**

Mr. Purkey is an inmate at the U.S. Penitentiary at Terre Haute, Indiana. Because he is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint.

**A.**    **Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**B.**    **The Complaint**

Mr. Purkey is an inmate in the special confinement unit (SCU). He has been sentenced to death, and his execution has been scheduled for December 13, 2019. Mr. Purkey's complaint concerns two issues: the basis upon which he has been selected for execution, and the conditions of his confinement in the SCU.

This action was filed when the Court severed Mr. Purkey's conditions-of-confinement claims from his basis-for-selection claims. *See* Case No. 2:19-cv-517-JMS-DLP, dkt. 6 (S.D. Ind. Nov. 12, 2019). Although both sets of claims are discussed in the complaint—which has been redocketed in this action—the Court will address only the conditions-of-confinement claims in this Entry.

The defendants are Complex Warden J.T. Watson and Captain Taylor. Mr. Purkey alleges that since his execution date was set, an officer has come to his cell to check on him every fifteen

minutes. This includes shining a flashlight on him while he is sleeping. As a result, he has not been able to sleep more than fifteen minutes at a time, and he is experiencing anxiety, fatigue, chest pains, severe headaches, disorientation, and an elevated heart rate. Mr. Purkey alleges that the defendants are responsible for this practice.

This action **shall proceed** with Eighth Amendment claims against Defendants Watson and Taylor under the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

### III. Issuance of Process

**Personal service is required** in serving Defendants (1) J.T. Watson and (2) Captain Taylor. *Robinson v. Turner*, 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his designee shall serve the summons, together with copies of the complaint (dkt. 1) and this Entry, on the defendants pursuant to Fed. R. Civ. P. 4(i)(2), at the expense of the United States.

**IT IS SO ORDERED.**

Date: 11/19/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

WESLEY I. PURKEY
14679-045
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
Southern District of Indiana
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204