IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA

WESLEY I. PURKEY,

     Plaintiff,

vs.

WILLIAM BARR, et al.,

     Defendants.

Case No. 2:19-cv-00541-JMS-DLP

**FILED**

**9:59 am, Nov 21, 2019**

**U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk**

## MOTION FOR A PRELIMINARY INJUNCTION BARRING THE EXECUTION OF THE PLAINTIFF WESLEY I. PURKEY

The Plaintiff Wesley I. Purkey (hereafter 'plaintiff or Purkey') moves the Court to enter a preliminary injunction pursuant to Fed.R.Civ.P. 65(a), so as to enjoin the Defendants from carrying out the scheluded execution of Purkey on the 13th day of December, 2019, or at any other time until further order of this Court. The plaintiff seeks a preliminary injunction pending resolve of his claims set forth through his Bivens Action pending before the Court, as identified through the 'Court's Entry Order', see Dkt. (1)/filed 11/12/19 or, at minimum, until the Court resolves a renewed motion for preliminary relief after he has had an opportunity to gather additional evidence through discovery.

In his Complaint, Purkey has alleged violation of his First and Fifth Amendment rights by the defendants in their deliberate arbtirary selecting him for an execution date on July 25th, 2019 for December 13th, 2019. The Plaintiff has demonstrated a strong likelihood of success on the merits of these claims. And' he is likely to uncover additional evidence in support of his claims through discovery. Yet' without an injunction staying his December 13th, 2019 execution he will suffer irreparable harm. Finally, the balance of the equities and public interest also weigh in favor of a preliminary injunction.

### The Court Should Grant A Preliminary Injunction For Purkey Whereas He Has Satisfied The Four Prong - Test For Doing So

Courts consider and weigh four factors before granting a preliminary injunction: 1) the threat of irreparable injury to the plaintiff if an injunction is not

1.

granted; 2) the likelihood that other interested parties will suffer substantial harm if injunctive relief is granted; 3) the interest of the public; and 4) the likelihood of the plaintiff's eventual success on the merits. Here Purkey has shown, as tested by the facts underscoring the claims of Fifth Amendment violations as delineated through his complaint that he would likely prove at trial that the defendants subjected him to arbitrary selection for execution in violation of Equal Protection Under The Law. Further' Purkey has shown that he will suffer irreparable harm, i.e. death if the Court does not grant him a preliminary injunction, and further the potential harm that Purkey faces far outweighs the harm the defendant would suffer if the Court granted such. Whereas' a preliminary injunction would best serve the public interest in turn. These factors weigh in Purkey's favor for the Court to grant him with the requested preliminary injunction. See Jackson v. District of Columbia, 254 F.3d 262, 267-68 (D.C.Cir. 2000); see also FTC v. Dean Food Co., 384 U.S. 597, 86 S.Ct. 1738 (1996)(recognizing that federal courts have a "traditional power to issue injunctions to preserve the status quo while administrative proceedings are in progress. . ."), as is the case at hand.

In Lewis v. Casey, the Supreme Court stated that to win an injunction, an inmate must show that an "actual or imminent injury." 518 U.S.343, 349-50, 116 S.Ct. 2174 (1996). Here Purkey has unequivocally demonstrated both the the harm that he faces is reparable harm, and that such irreparable harm is imminent, i.e. execution by lethal injection on the 13th of December, 2019, whereas Purkey should not have to await the consummation of the threaten irreparable harm to obtain preventative relief. Particularly seen that no such preventative relief would curtail the harm after being inflicted. See Helling v. McKinney, 509 U.S. 25, 33, 113 S.Ct. 2475 (1993)("it would be odd to deny am injunction to an inmate who has plainly proven an unsafe or life threatening condition on the ground that nothing has happen yet.")

CONCLUSION

WHEREFORE' the Court should preliminarily enjoin the defendants from proceeding to execute Purkey until at minimum he has had a meaningful opportunity to engage in discovery bringing to bear his claims that the defendants deliberately subjected him to arbitrary selection for execution in violation of the Fifth Amendment rights of Equal Protection Under the Law.

RESPECTFULLY SUBMITTED

Wesley I. Purkey #14679-045

2.

Dated: November 18th, 2019

United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Plaintiff / pro se

Certificated Of Service

The undersigned does attest that he will amend the certificate of service once he is served with notification of representation by the defendants. Executed on the 18th day of November, 2019.

_Wesley Purkey_ / declarant

3.