UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

WESLEY I. PURKEY,               )
                               )
            Plaintiff,          )
                               )
      v.                        )      No. 2:19-cv-00541-JMS-DLP
                               )
J.T. WATSON, et al.             )
                               )
            Defendants.         )

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Wesley Purkey's motion for a preliminary injunction barring his execution, dkt. [11], is **denied** for two reasons.

First, the relief Mr. Purkey requests—an order enjoining his execution—is not related to the claims proceeding in this action. "A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). But a "district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Id. See also, e.g., Eckes v. Byrd*, No. 2:18-cv-00246-WTL-DLP, 2018 WL 4001737, at § II (denying motion for preliminary injunctive relief seeking "special medical diet" based on liver condition in action where complaint related to "Eighth Amendment claim that Dr. Byrd's prescribing of pain medications for Mr. Eckes" fractured finger caused stomach ulcers").

This action concerns the prison staff's practice of constantly checking on Mr. Purkey and waking him up, such that he is not able to sleep for more than fifteen minutes at a time. The intermediate relief Mr. Purkey seeks through this motion (an order prohibiting his execution) is

not of the same character as the issues in the suit or the ultimate relief he is pursuing in it (conditions in which he may sleep).

Second, the issue presented in the motion is now **moot**. Mr. Purkey's execution has been stayed. While that is the case, there is no pending execution for the Court to enjoin. Accordingly, the motion is moot. In the event the stay is vacated, Mr. Purkey may file a motion seeking to enjoin his execution in a case where that relief would be related to the claims that are pending.

**IT IS SO ORDERED.**

Date: 11/22/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

WESLEY I. PURKEY
14679-045
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808