UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

WESLEY I. PURKEY,                          )
                                           )
        Plaintiff,                         )
                                           )
            v.                             )          Cause No. 2:19-cv-00541-JMS-DLP
                                           )
J.T. WATSON, *Complex Warden*,             )
TAYLOR, *Captain*,                         )
                                           )
        Defendants.                        )

**DEFENDANTS' NOTICE OF AUTOMATIC INITIAL EXTENSION
OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

Individual Defendants, Complex Warden Thomas J. Watson and Captain Timothy Taylor, by counsel, respectfully notify the Court that, pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and S.D. Ind. L.R. 6-1(b), their time to respond to Plaintiff Wesley I. Purkey's sleep-deprivation claims has been extended for 28 days—to and including February 28, 2020.   In support of this notice, the Individual Defendants state the following:

1.      Mr. Purkey is a federal inmate serving a sentence of death and currently confined at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute").   [*See generally* Filing No. 2.]   Complex Warden Watson and Captain Taylor are both current employees of the Federal Bureau of Prisons ("BOP") and are being sued for acts or omissions that purportedly occurred in connection with their BOP employment.   [*See generally id.*; Filing No. 6 at 2-3.]

2.      On October 28, 2019, Mr. Purkey filed a Civil Rights Complaint against the Attorney General of the United States, the Director of the BOP, Complex Warden Watson, and Captain Taylor.   [*See* Filing No. 1 in Cause No. 2:19-cv-00517-JMS-DLP (S.D. Ind.).]   Upon screening, the Court construed the Complaint as raising two issues: (1) the basis upon which Mr.

Purkey was selected for execution, and (2) the conditions of his confinement within the Special Confinement Unit at USP Terre Haute—namely, that an officer purportedly comes to his cell to check on him every fifteen minutes, causing sleep deprivation.    [Filing No. 1 at 2.]    The Court then determined that these claims were misjoined and severed Mr. Purkey's sleep-deprivation claims against Complex Warden Watson and Captain Taylor into this action.    [*See id.* at 3-5.] Once this separate action was opened, the Court screened Mr. Purkey's sleep-deprivation claims, allowing Eighth Amendment claims to proceed against Complex Warden Watson and Captain Taylor pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1]    [Filing No. 6.]

3.        Complex Warden Watson and Captain Taylor were served on November 27, 2019.    [*See* Filing No. 17.]    The United States Attorney's Office for the Southern District of Indiana was served on December 2, 2019.    [*See* Filing No. 13.]

4.        Accordingly, Defendants' responses to the Complaint are currently due on January 31, 2020, a deadline which has not yet passed.    *See* Fed. R. Civ. P. 12(a)(3) (providing that a United States officer sued in an individual capacity must serve an answer to a complaint within 60 days after service on the officer or service on the United States attorney, whichever is later).

5.        The Department of Justice only recently authorized representation for the Defendants for purposes of Mr. Purkey's sleep-deprivation claims.

6.        Accordingly, Defendants need an initial, 28-day extension of time—to and

---

[1] The Court also consolidated this action into *Purkey v. Underwood*, *et al.*, Cause No. 2:19-cv-00355-JMS-DLP, in which Mr. Purkey advances claims related to his dental treatment at USP Terre Haute.    [Filing Nos. 9-10.]    As instructed in the consolidation order, because this notice relates only to Mr. Purkey's sleep-deprivation claims, it has been filed only in this action.    [*See* Filing No. 9 at 2.]

including February 28, 2020— to respond to Mr. Purkey's sleep-deprivation claims.

7. Defendants' deadline to respond to Mr. Purkey's sleep-deprivation claims has not been previously extended.

8. No case management plan or other case deadlines have yet been established in this case, nor are any hearings scheduled; thus, Defendants' extension does not interfere with any deadlines or hearings.

9. At this juncture, it is unclear whether Mr. Purkey has been appointed counsel for purposes of his sleep-deprivation claims. The Court appointed John R. Maley to represent Mr. Purkey in Cause No. 2:19-cv-00355-JMS-DLP, into which this action has been consolidated. Based on discussions with Mr. Maley, undersigned counsel presumes that Mr. Maley will also be appointed to represent Mr. Purkey for purposes of the sleep-deprivation claims, but no formal appointment has yet to occur. To the extent Mr. Maley will be appointed to represent Mr. Purkey for purposes of his sleep-deprivation claims, Mr. Maley was contacted regarding this enlargement of time and has no objection to it.

WHEREFORE, Individual Defendants, Complex Warden J.T. Watson and Captain Taylor, by counsel, respectfully notify the Court of their initial, 28-day enlargement of time—to and including February 28, 2020—to respond to Plaintiff Wesley I. Purkey's sleep-deprivation claims.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:    *s/ Gina M. Shields*
       Gina M. Shields
       Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2020, a copy of the foregoing *Defendants' Notice of Automatic Initial Extension of Time to Respond to Plaintiff's Complaint* was filed electronically.

Service of this filing will be made on the following ECF-registered counsel via electronic mail:[2]

John R. Maley
BARNES & THORNBURG, LLP
jmaley@btlaw.com

                              *s/ Gina M. Shields*
                              Gina M. Shields
                              Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204

---

[2] Given the current uncertainty of Mr. Purkey's representation status in this matter, and as to not run afoul of Indiana Rule of Professional Conduct 4.2, undersigned counsel has not served a copy of this filing on Mr. Purkey directly, but only on Mr. Maley, via email.