UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

WESLEY I. PURKEY,                          )
                                           )
    Plaintiff,                             )
                                           )
        v.                                )    Cause No. 2:19-cv-00541-JMS-DLP
                                           )
J.T. WATSON, *et al.*,                     )
                                           )
    Defendants.                            )

**DEFENDANTS' MOTION FOR RECONSIDERATION OF RULING ON
PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

On January 13, 2020, the Court determined that Plaintiff Wesley I. Purkey's Motion for

Leave to Proceed *In Forma Pauperis* [Filing No. 16] was unnecessary because this action had

been consolidated into *Purkey v. Underwood*, Cause No. 2:19-cv-00541-JMS-DLP.  [Filing No.

18.]  Mr. Purkey, however, is an admitted "three strike" filer [*see* Filing No. 3 at 1] who should

not be permitted to circumvent the provisions of the Prison Litigation Reform Act ("PLRA").

Accordingly, and in light of the Motion to Vacate Consolidation Order contemporaneously filed

in this action [Filing No. 22],[1] Defendants, Complex Warden Watson and Captain Taylor,

respectfully request that the Court reconsider its determination that Plaintiff's Motion for Leave

to Proceed *In Forma Pauperis* is unnecessary, deny his motion in its entirety, and require Mr.

Purkey to pay the full filing fee in this action.

It is well settled "that a motion to reconsider is only appropriate where a court has

misunderstood a party, where the court has made a decision outside the adversarial issues

---

[1] Defendants' contemporaneously filed Motion to Vacate Consolidation Order recounts much of
the procedural history relevant to this motion.  As such, in the interests of brevity, Defendants
only address the procedural history as necessary below.

presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). Motions for reconsideration are disfavored and should be "rare." *Bank of Waunakee*, 906 F.2d at 1191. Their disposition is left to the discretion of the district court. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citation omitted).

The PLRA's *in forma pauperis* statute provides: "In no event shall a prisoner bring a civil action or appeal in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Seventh Circuit previously determined that Mr. Purkey has accumulated at least three strikes and, as such, is not permitted to proceed on appeal *in forma pauperis*. [*See* Filing No. 21-1 (Filing No. 24 in *Purkey v. Marberry*, USCA No. 09-1843 (7th Cir. Jan. 15, 2010)), attached as Exhibit A; Filing No. 21-2 (Filing No. 2 in *Purkey v. Marberry*, USCA No. 10-2656 (7th Cir. July 12, 2010)), attached as Exhibit B.] This Court similarly recognized Mr. Purkey's three-strike status less than five years ago. [*See* Filing No. 21-3 (Filing No. 3 in *Purkey v. Daniels*, Cause No. 2:15-cv-00310-JMS-WGH (S.D. Ind. Oct. 9, 2015)), attached as Exhibit C.] And Mr. Purkey even acknowledged that he has incurred three strikes in his Motion for Leave to Proceed *In Forma Pauperis*. [*See* Filing No. 3 at 1.]

2

This "three strike" rule was one of the reforms that Congress enacted to "filter out the bad claims [filed by prisoners] and facilitate consideration of the good." *Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1764 (2015). Given Mr. Purkey's history of frivolous litigation, as recognized by this Court and the Seventh Circuit, he should not be permitted to circumvent the PLRA merely because the Court has *sua sponte* consolidated this action into another action in which he *did* pay the filing fee. This is particularly true given that Defendants have now moved to vacate that consolidation order. [*See* Filing No. 22.] Accordingly, the Court should reconsider its ruling that Mr. Purkey's motion for leave to proceed *in forma pauperis* is unnecessary and consider the merits of his motion.

To that end, Mr. Purkey invokes the exception within the *in forma pauperis* statute, asking the Court to find that he is "under imminent danger of serious injury" from allegedly "protracted and ongoing chronic sleep deprivation." [Filing No. 3 at 1.] To meet the imminent-danger exception of § 1915(g), "the threat or prison condition [must be] real and proximate," and the "harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). As such, courts routinely deny *in forma pauperis* requests when the allegations of imminent danger are "conclusory or ridiculous" or concern only past injuries. *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010). A court considering an *in forma pauperis* request "must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger." *Ciarpaglini*, 352 F.3d at 330-31. While courts must be careful not to attempt to evaluate the "seriousness" of plaintiffs' claims, "it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger." *Taylor*, 623 F.3d at 485. Therefore, "when a defendant contests a plaintiff's claims of imminent danger, a court must act to resolve the conflict." *Id.*

Here, Mr. Purkey contends that Complex Warden Watson and Captain Taylor have established a policy mandating that all inmates with execution dates be accounted for every fifteen minutes, resulting in sleep deprivation. [Filing No. 2 at ¶ 29; Filing No. 3 at 1.] Defendants contest Mr. Purkey's allegations that the periodic check-ins—aimed at, as Mr. Purkey alleges, assuring that he is "alive and breathing" [Filing No. 2 at ¶ 29; Filing No. 3 at 1]—constitute an imminent danger of serious injury.  Mr. Purkey's medical records since July of 2019, when his execution date was initially set, do not indicate that he has complained to any medical staff about sleep deprivation, was diagnosed with any sleep-related conditions, or experienced any medical issues from purported lack of sleep.  [*See generally* Filing 21-4, attached as Exhibit D.]  Therefore, upon considering Mr. Purkey's motion for *in forma pauperis* status on the merits, the Court should deny his request as he has already incurred three strikes and because his sleep-deprivation claims do not fall within the imminent-danger exception.

WHEREFORE, Defendants, Complex Warden Watson and Captain Taylor, in their individual capacities, by counsel, respectfully request that the Court reconsider its ruling on Mr. Purkey's Motion for Leave to Proceed *In Forma Pauperis*, deny the motion on its merits, and require Mr. Purkey to pay the entire filing fee before allowing this action to proceed forward.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney


By:    *s/ Gina M. Shields*
Gina M. Shields
Assistant United States Attorney

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2020, a copy of the foregoing *Defendants' Motion for*

*Reconsideration of Ruling on Plaintiff's Motion for Leave to Proceed In Forma Pauperis* was

filed electronically.  Service of this filing will be made on the following ECF-registered counsel

via electronic mail:[2]

> John R. Maley
> BARNES & THORNBURG, LLP
> jmaley@btlaw.com

> *s/ Gina M. Shields*
> Gina M. Shields
> Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204

---

[2] Given the current uncertainty of Mr. Purkey's representation status in this matter [*see* Filing No. 20 at ¶ 9], and as to not run afoul of Indiana Rule of Professional Conduct 4.2, undersigned counsel has not served a copy of this filing on Mr. Purkey directly, but only on Mr. Maley, via email.