# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

January 15, 2010

Before

DANIEL A. MANION, Circuit Judge

| | |
|---|---|
| WESLEY I. PURKEY,<br>        Plaintiff-Appellant,<br><br>No. 09-1843                    v.<br><br>HELEN J. MARBERRY, et al.,<br>        Defendants-Appellees. | ] Appeal from the United<br>] States District Court<br>] for the Southern District<br>] of Indiana, Terre Haute<br>] Division.<br>]<br>] No. 2:09-cv-00044-WTL-DML<br>]<br>] William T. Lawrence,<br>]        Judge. |

The district court denied the appellant leave to proceed in forma pauperis on appeal on the ground that he had accumulated three strikes. *See* 28 U.S.C. § 1915(g). This court determined that one of the cases that the district court listed as a strike, *Purkey v. McKune*, No. 04-3453 (10th Cir. Jan. 10, 2005), should not have been counted because the Tenth Circuit dismissed the appeal as premature. The court therefore granted the appellant leave to proceed in forma pauperis on appeal, and the appellant paid the required initial partial filing fee of $34.60 assessed by the district court.

Upon further review of appellant Wesley Purkey's litigation history, it is clear that Purkey has accumulated at least three strikes, not including the *McKune* case, and he should not have been permitted to proceed on appeal in former pauperis. Accordingly,

**IT IS ORDERED** that the grant of leave to proceed in forma pauperis is **REVOKED**. The appellant has, on three or more prior occasions, brought an action or appeal that was dismissed on the grounds that it is frivolous or fails to state a claim upon which relief may be granted. *See, e.g., Purkey v. Green*, No. 5:99-cv-03356-JAR (D. Kan. June 23, 2000); *Purkey v. Simmons*, No. 5:00-cv-03380-GTV (D. Kan. Aug. 1, 2001); *Purkey v. Simmons*, No. 01-3269 (10th Cir. Jan. 28, 2002).

The appellant shall pay the remaining appellate filing fees of $420.40 to the clerk of the district court within 14 days, or else this appeal will be dismissed for failure to prosecute pursuant to Circuit Rule 3(b). *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997).