UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WESLEY I. PURKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:19-cv-00355-JMS-DLP |
| | ) | |
| UNDERWOOD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WESLEY I. PURKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:19-cv-00541-JMS-DLP |
| | ) | |
| J.T. WATSON, *Complex Warden*, | ) | |
| TAYLOR, *Captain*, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO VACATE CONSOLIDATION ORDER

Plaintiff Wesley I. Purkey, a federal inmate serving a sentence of death at the United

States Penitentiary in Terre Haute ("USP Terre Haute"), has several cases pending in this Court.

In November, the Court *sua sponte* consolidated two of his actions—one filed against eight

defendants related to his dental treatment over a three year period and a second against two

defendants challenging the conditions of his confinement within the Special Confinement Unit

("SCU") at USP Terre Haute.   [*See* Filing No. 24 in *Purkey v. Underwood*, Cause No. 2:19-cv-

00355-JMS-DLP ("355" or the "dental case"); Filing Nos. 9-10 in *Purkey v. Watson*, Cause No.

2:19-cv-00541-JMS-DLP ("541" or the "sleep-deprivation case").]    Although Mr. Purkey

alleges violations of the Eighth Amendment in both of these cases, his claims span different time

periods, involve different materials and witnesses, and, with the exception of one common

defendant—the Complex Warden—are brought against entirely different defendants.    Because

continuing to consolidate these actions would be prejudicial to Defendants, constitute an

inefficient use of resources, and further exacerbate an already complicated procedural landscape,

Defendants in both the dental case and sleep-deprivation case respectfully request that the Court

vacate the order consolidating these cases and direct that they proceed forward as separate

actions.

## I.    RELEVANT PROCEDURAL HISTORY

### A.    Mr. Purkey's Dental Case

On July 26, 2019, Mr. Purkey filed a Complaint against the United States and seven

individual defendants—Complex Warden Watson, "Assistant Warden" Underwood, Dr. William

Wilson, Christopher McCoy, Dr. R.D. Shepherd, Dr. Buckley, and Dr. Cortes.    [*See* Filing No.

1 in 355]    Mr. Purkey contends generally that Defendants were deliberately indifferent to his

serious dental needs "by systematic deficiencies in both staffing and in procedural tactic policy

practices" over a three-year period and in response to a broken tooth over a five-month period,

from approximately December 2018 through May 2019.    [*Id.* at 2, 4.]    The Court screened Mr.

Purkey's Complaint, allowing Eighth Amendment claims to proceed against the seven

individuals and a claim under the Federal Tort Claims Act ("FTCA") to proceed against the

United States.    [Filing No. 8 in 355 at 3.]

In December, Dr. Buckley filed an Answer and Affirmative Defenses to Mr. Purkey's

Complaint [Filing No. 30 in 355], the United States filed a Motion for Summary Judgment on

Failure to Exhaust Defense [*see* Filing Nos. 28-29 in 355], and Complex Warden Watson, Dr. Shepherd, Associate Warden Underwood, Dr. Wilson, and McCoy filed a Motion to Dismiss for Failure to State a Claim [*see* Filing Nos. 31-32 in 355].[1]    Mr. Purkey's responses to those motions are due next month.    [*See* Filing No. 34 in 355.]

### B.    Mr. Purkey's Sleep-Deprivation Case

On October 28, 2019, Mr. Purkey filed a Civil Rights Complaint against the Attorney General of the United States, the Director of the Federal Bureau of Prisons ("BOP"), Complex Warden Watson, and Captain Taylor.    [*See* Filing No. 1 in *Purkey v. Barr*, Cause No. 2:19-cv-00517-JMS-DLP (S.D. Ind.).]    Upon screening, the Court construed the Complaint as raising two issues: (1) the basis upon which Mr. Purkey was selected for execution, and (2) the conditions of his confinement within the SCU at USP Terre Haute—namely, that an officer purportedly comes to his cell to check on him every fifteen minutes, causing sleep deprivation. [Filing No. 1 in 541 at 2.]    The Court then determined that these claims were misjoined and severed Mr. Purkey's sleep-deprivation claims against Complex Warden Watson and Captain Taylor into the 541 case.    [*See id.* at 3-5.]    Once this separate action was opened, the Court screened Mr. Purkey's sleep-deprivation claims, allowing Eighth Amendment claims to proceed against Complex Warden Watson and Captain Taylor pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).    [Filing No. 6 in 541 at 2-3.]    Both Defendants have until February 26, 2020, to respond to Mr. Purkey's sleep-deprivation claims.    [*See* Filing No. 20 in 541.]

---

[1] Dr. Cortes has not yet been served [*see* Filing No. 20 in 355], and, thus, no response from him is currently due.

C.      **Court's Consolidation Order**

After screening Mr. Purkey's sleep-deprivation claims, the Court *sua sponte* consolidated those claims into his dental case, concluding that they involve common questions or law and fact and that consolidating them would promote the efficient resolution of both cases.   [*See* Filing No. 24 in 355 at 2; Filing No. 9 in 541 at 2.]   The Court further reasoned that "both these cases center on allegations that Mr. Purkey's custodians are confining him under conditions demonstrating deliberate indifference to his safety and serious medical needs in violation of the Eighth Amendment."   [Filing No. 24 in 355 at 2; Filing No. 9 in 541 at 2.]

## II.      ARGUMENT

Pursuant to Federal Rule of Civil Procedure 42(a), this Court has discretion to consolidate cases that present common issues of law or fact.   *See* Fed. R. Civ. P. 42(a); *King v. General Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992).   "Although neither Rule 42 nor case law defines 'common question of law or fact,' the plain meaning of this phrase indicates that a common question is one that must be answered identically in each case in which it is presented."   *See Van Patten v. Wright*, Nos. 07-C0788, 07-C-0026, 2009 WL 1886010, at *1 (E.D. Wis. June 30, 2009).   When deciding whether to consolidate cases, the Court should consider the risks of prejudice and possible confusion, administrative difficulties, inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, and the length of time required to conclude multiple suits as against a single one.   *See id.* at *2; 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2382 (3d ed. Aug. 2019 Update).

Although Mr. Purkey contends in both his sleep-deprivation and dental cases that Defendants violated the Eighth Amendment, the facts underlying each case, and the materials

and witnesses relevant to the litigation of each, are significantly different.    For instance, Mr. Purkey's dental case concerns his dental treatment over a several-year period from multiple providers.    Litigating this case will likely require discovery into and testimony from Mr. Purkey's dental providers and the procurement of expert witnesses regarding the adequacy of Mr. Purkey's dental treatment, and will rely heavily on Mr. Purkey's dental records and BOP policies on dental care.

On the other hand, Mr. Purkey's sleep-deprivation claims encompass a much narrower period—Mr. Purkey alleges that the frequent check-ins only began after July 25, 2019, when his execution was scheduled [Filing No. 2 in 541 at ¶ 29]—and will likely implicate BOP policies regarding inmates who are serving death sentences, prevention of suicides, and ensuring inmate safety.    Expert testimony on the sleep-deprivation claims, if needed, would be completely different from any expert testimony regarding Mr. Purkey's dental treatment.    Thus, although both cases are premised on violations of the Eighth Amendment, they span different time frames and do not share common facts, making consolidation inappropriate.    *See King*, 960 F.2d at 626 (holding that district court abused its discretion in consolidating cases "because of the different allegations and time frames").    And, given the different factual bases for the claims, and almost entirely different defendants, there is no danger of inconsistent adjudications if the cases are separated or a common question that must be answered identically in both cases, further justifying the separation of these actions.    *See Van Patten*, 2009 WL 1886010, at *2.

Furthermore, the continued consolidation of these cases would prejudice all of the Defendants and exacerbate the already-complicated procedural landscape of Mr. Purkey's dental case.    In that case, with the exception of Dr. Cortes, the other seven Defendants have already responded to Mr. Purkey's Complaint, with six of them filing dispositive motions that, if granted,

would result in their dismissal from that action.   [*See* Filing Nos. 28-29, 31-32 in 355.]   If those motions are granted, there will no longer be a common defendant (Complex Warden Watson) between the two cases and the scope of Mr. Purkey's dental case would be greatly narrowed, leaving only the Eighth Amendment claim against Dr. Buckley.[2]   Given that a *Bivens* action requires individual participation and involvement, *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011), this means that, potentially, only the actions that Dr. Buckley purportedly took (or failed to take) would be at issue in Purkey's dental case.   Thus, an action that would have potentially nine defendants (if consolidation continues) could be whittled down to just one.

Additionally, Complex Warden Watson and Captain Taylor anticipate filing a threshold dispositive motion regarding Mr. Purkey's sleep-deprivation claims.   Therefore, should these cases remain consolidated, there would be yet another pending dispositive motion, on a wholly different briefing schedule than the two motions pending in the dental case, further complicating the procedural posture of the dental case.   *See Fleishman v. Prudential-Bache Sec., Inc.*, 103 F.R.D. 623, 625 (E.D. Wis. 1984) (denying motion to consolidate where there were factual dissimilarities in the cases that rendered consolidation impractical from an administrative standpoint and there was a strong possibility of confusing the jurors if the cases were tried in a single proceeding).

Moreover, lumping Mr. Purkey's sleep-deprivation claims, which are intrinsically tied to the fact that he was, at one point, scheduled for execution, in with his dental claims—which have nothing to do with his death sentence—could also prejudice Defendants in the dental case, or cause confusion of the issues in the dental case, particularly if the claims proceed to a jury trial.

---

[2] If Dr. Cortes is properly served and the claims against him survive any threshold dispositive motion, the Eighth Amendment claim against him may also remain.

6

*See id.*

Finally, because Mr. Purkey paid the full filing fee when he filed his dental case, and the Court consolidated his sleep-deprivation claims into his dental case, the Court recently determined that Mr. Purkey's motion for leave to proceed *in forma pauperis* in the sleep-deprivation case was unnecessary.   [Filing No. 18 in 541.]   As more fully argued in Complex Warden Watson's and Captain Taylor's Motion for Reconsideration of Ruling on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, contemporaneously filed in the sleep-deprivation case [Filing No. 21 in 541], consolidating this action has effectively allowed Mr. Purkey to circumvent his admitted three-strike status [*see* Filing No. 3 in 541], a status acknowledged by both this Court [*see* Filing No. 21-3 in 541 (Filing No. 3 in *Purkey v. Daniels*, Cause No. 2:15-cv-00310-JMS-WGH (S.D. Ind. Oct. 9, 2015))] and the Seventh Circuit [*see* Filing No. 21-1 in 541 (Filing No. 24 in *Purkey v. Marberry*, Cause No. 09-1843 (7th Cir. Jan. 15, 2010)); Filing No. 21-2 in 541 (Filing No. 2 in *Purkey v. Marberry*, USCA No. 10-2656 (7th Cir. July 12, 2010))].   This consequence of consolidation is contrary to 28 U.S.C. § 1915(g) and further warrants the separation of these actions.[3]

### III.    CONCLUSION

For the foregoing reasons, the United States of America, Dr. R.D. Shepherd, Associate Warden Underwood, Dr. William Wilson, Christopher McCoy, Dr. Buckley, Complex Warden Watson, and Captain Taylor, Defendants in either Mr. Purkey's dental case or sleep-deprivation case, by counsel, respectfully request that the Court vacate its order consolidating *Purkey v.*

---

[3] Should the Court grant this motion, the separate sleep-deprivation case, Cause No. 2:19-cv-00541-JMS-DLP, should be reopened and not consolidated back into the case against Attorney General Barr and Director Sawyer, for the reasons set forth in this motion and the Motion for Reconsideration of Ruling on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.

*Watson*, Cause No. 2:19-cv-00541-JMS-DLP, into *Purkey v. Underwood*, Cause No. 2:19-cv-00355-JMS-DLP, order that the actions proceed separately, and all other just and proper relief.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:     *s/ Gina M. Shields*
          Gina M. Shields
          Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2020, a copy of the foregoing *Defendants' Motion to Vacate Consolidation Order* was filed electronically.   Service of this filing will be made on the following ECF-registered counsel by operation of the Court's electronic filing system:

John R. Maley
BARNES & THORNBURG, LLP
jmaley@btlaw.com

*s/ Gina M. Shields*
Gina M. Shields
Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204