UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _Purkey___Wesley___I._____  _#14679-045___  _SCU___  _USP/TH__
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　UNIT　　INSTITUTION

**Part A– INMATE REQUEST** this administrative remedy timely follows the (non-response) to the attached BP-8, whereas contrary to the Lieutenant's claims otherwise I did not refuse to resolve the attached BP-8 and advise him that I wanted to proceed to a BP-9 - I advised the Lieutenant that, "because of his blind acquiesce to the protracted problems as delineated through the attached material and which is ongoing that I would proceed to an administrative remedy. This administrative remedy follows setting forth the ongoing nature of the problems enunciated through the attached material. As brought to bear through the attached BP-8 that the deliberate and malicious waking of those inmates' such as myself with an execution date set suffers the plights of given SCU Staff who are designated to remain on Lower-A Range, known as Execution Range during their entire shift. As seen in the attached BP-8 that given morning watch staff who work from generally 11p.m. thr 7:30a.m. constantly make rounds at as little as five to ten minutes per round - from any-where from 5 to 7 rounds per hour, always illuminating an inmate's 6x8 concrete cell with their five battery flash-light. Whereas I have been repeatedly advised that, "we have been told to make sure that you are alive everytime that we make rounds - so we have to witness you moving everytime we make rounds. These same complaints as leveled through the attached BP-8 have been reiterated to both the Warden in person and through several different correspondence, see SP.Ex.(A)/hereto attached, whereas the Warden has speciously claimed that, "I'll look into it". Other complaints have been sent to Acting Cpt. Taylor without response, as well as addressing the issues with different Lieutenant(s) as I did on this date when being escorted to Recreation, whereas I asked the Lt. for the morning shift's femal staff's name who has repeatedly and maliciouslya woke me up consistently almost every ten minutes during her rounds on the range. He advised me that, "whe hasn't worked here long so I don't know her name." Of course this is the typical

_August 13th, 2019_____  Continued Next Page  _____ SIGNATURE OF REQUESTER
　　　　DATE

**Part B– RESPONSE**

RECEIVED
USP Terre Haute

AUG 14 2019

Administrative
Remedy Clerk

_____  _____
　　　　DATE　　　　　　WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**　　CASE NUMBER: _____

　　　　　　　　　　　　　　　　　CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

SUBJECT: _____

_____　　⊕　　　　RECIPIENT'S SIGNATURE (STAFF MEMBER)
　　　DATE　　　　　　　　　　　　　　　　　　　　　　　　BP-229(13)
USP LVN

**ATTACHMENT 5**

**Requirement for submission of this request directly to the Regional Director, Bureau of Prisons.**

When the inmate believes that he may be adversely affected by submission of this request at the institution level because of the sensitive nature of the complaint, he may address his complaint to the Regional Director. He must clearly indicate a valid reason for not initially bringing his complaint to the attention of the institution staff.

If the inmate does not provide a reason, or if the Regional Director or his designee believes that the reason supplied is not adequate, the inmate will be notified that the complaint has not been accepted. The form sent to the Regional Director will not be returned. However, the inmate may prepare a new request and submit it at the institution if he wishes.

Wesley I. Purkey #14679-045                                    BP - 9 Continued

good ole boy cover-up to cover each others' back's. In fact in the past two days I have repeated asked this Execution Range Staff member what her name is and she has adamantly refused to provide such. The problem presented via the attached BP-8 this staff member exemplify, whereas on Friday, August 9th at 12:01 a.m. this female staff member became waking me up at intervals of every five to ten to fifteen minutes throughout the night. At approximately 3 a.m. because the anxiety and stress being caused by this female staff member on execution range I pressed the emergency button in my cell after experiencing acute chest pains, shortness of breath and extreme headackes. When she and the SCU's OIC came to my cell and asked me what the problem was I explained verbatim what the problem - and they then walked away from my cell without ever contacting medical. After staff left my cell that morning at 3a.m. one of them said that, "Why is he worried about dying - he has an execution date." This is verbatim the mentality underscoring the problem denlieanted and enunciated through the attached material. In fact the problem continues with the unidentified female staff who both the lieutenant and herself will not afford me her name as seen on this date starting at approximately 12:01 a.m. As the Lieutenant advised me on thissame date that, "she is new!"

Well established law brings to bear the acute Eighth Amendment violation taking place by given Execution Range Staff subjecting me to protracted sleep deprivation, and the ossify indifference being seen to such by executive staff, i.e. the Warden and Acting Cpt. Talyor, as well as the unnamed Lieutenant(s) who in turn demonstrate blind acquiesce to such. See Walker vll Schult, 717 F.3d 119, 126 (2d Cir. 2013)("prison staff deliberate actions causing inmate acute sleep deprivation states a cognizable Eighth Amendment Claim of constituting 'cruel and unusual punishment'."); see also Obama v. burl., 477 F.Appx' 409, 411 (8th Cir. 2012); and also Melroy v. Schuetzle, 230 F.3d 1363 (8th Cir. 2000). Here execution range staff deliberate and malicious acts causing me acute sleep deprivation constitutes an Eighth Amendment violation under tenets of well established law.

<u>End of Extra Page BP - 9</u>

RECEIVED
USP Terre Haute

Aug i . . ...

Administrative
Remedy Clerk

Remedy No.:  987526-F1                                    FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted August 14, 2019, in which you allege staff are making rounds frequently. You further state this is subjecting you to sleep deprivation. You made no specific request for relief.

A review of your request reveals a staff member will observe all inmates confined in your assigned unit on a frequent and irregular schedule. All observations made will be documented. The intention of these rounds is to have staff walking the unit at irregular intervals to monitor inmate activities and health. This means during rounds, a staff member will observe the activity of every inmate in the unit. During the next interval period a staff member will do the same thing, but alter the time and route of the rounds to maintain an irregular schedule. The frequency of rounds may increase or decrease without notice due to the nature of the practice.

All staff are held to a high standard of treating inmates fairly, impartially, and humanely. Mistreatment of inmates is not tolerated. Therefore, this matter will be thoroughly reviewed and if it is determined staff acted inappropriately, this issue will be forwarded to the proper investigative authority. However, you will not receive information regarding the outcome of any staff investigation.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Tower II, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

_____                          _____
           11/19/19                                T. J. Watson, Complex Warden
Date

SPI.EX.(A)/BP-9

Cop out

Warden J.T. Watson

Turkey 14679045
SCU 8/13/19

Your Morning execution watch A-Range staff has clarified that you have mandated that she does 10 minute R&s throughout the night making sure those waiting to die are alive and breathing! this assigned staff member refuses to provide me with her name - whereas the Lieutenant addressing this issue has reiterated that he condones it and thereby no action will be taken to address it.

Sleep Deprivation of the protracted nature caused by your assigned execution A-Range staff constitutes a violation of well established law! you have repeatedly shown a callous disregard such in the past 3 weeks —

Thank you.

Also the surveillance cameras effect to this remote Cell continuous 10 minute R&s throughout the night keeping inmates awake!

RECEIVED
USP Terre Haute
AUG 14 2019
Administrative
Remedy Clerk