U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Purkey    Wesley    I.    #14679-045    SCU    USP/TH
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** This Central Office Administrative Remedy seek redress and remedy for the Execution Protocol that has been enacted by the Acting Director Of the Bureau of Prisons, whereas I have been given an execution date of December 12th, 2019 on the 25th of July, ,2019 by USP/TH Warden, J.T. Watson. Whereas' the administration of the execution protocol violates my rights under the FDPA, and creates potential separation of powers and conflicts of laws issues which are delineated and brought to bear through the attached extra page. Thereby' the protocol states in violation of well established and mandates being voided therefrom.

### Declaration of Mailing

The undersigned does attest under pains of perjury that he did afford a member of the Special Confinement United Administrative Staff this BP-11 for mailing on this 13th day of August, 2019 and does attest to such pursuant to 28 U.S.C. § 1746. Executed and signed by the declarant on this 13th day of August, 2019.

Wesley I./Purkey #14679-045 / declarant
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

August 13th, 2019
        DATE                                                      SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

AUG 2 0 2019

Administrative Remedy Section
Federal Bureau of Prisons

        DATE                                                         GENERAL COUNSEL

FIRST COPY: WASHINGTON FILE COPY                   CASE NUMBER: 989446-ALA

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____    _____    _____    _____
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____    _____
        DATE                          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

**ATTACHMENT 6**

UPN LVN

BP-231(13)
JUNE 2002

Extra Page BP - 11                                    Invoking 28 FCR § 542.14(12)(5)

**Response to Section 1a:**

The method by which the federal government intends to execute prisoners violates the laws and Constitution of the United States for the reasons that follow:

1. The document entitled "Addendum to BOP Execution Protocol" (hereafter referred to as "protocol"), as well as the preceding execution method, violate the Administrative Procedure Act ("APA") because they were issued without notice-and-comment rulemaking, and the protocol was therefore enacted "without observance of procedure required by law." 7 U.S.C. § 706(2)(D); 5 U.S.C. § 553.

2. The protocol is "not in accordance with law," is "in excess of statutory jurisdiction, authority, or limitations," is "short of statutory right" and is "arbitrary, capricious, [and] an abuse of discretion" under the APA in that (a) the protocol's use, dispensing, and administration of pentobarbital – including but not limited to a compounded version of the drug – violates the Controlled Substances Act, 21 U.S.C. §§ 801, et seq. and its implementing regulations, as well as the Food Drug and Cosmetic Act, 21 U.S.C. §§ 301, et seq., and its implementing regulations; because (i) the protocol calls for the dispensing and administration of a Schedule II and III controlled substance without a valid prescription issued for a legitimate medical purpose in the usual course of a practitioner's medical practice and through a bona fide practitioner-patient relationship; and (ii) any compounded version of pentobarbital would be "essentially a copy" of an FDA-approved drug and thus an unapproved "new drug"; (b) the protocol violates Indiana law governing the dispensing of pentobarbital and similar controlled substances and compounded drugs, including but not limited to Ind. Code §§ 35-48-2-6(e), 35-48-2-8(c), 35-48-3-9, 35-48-4-2; (c) the purportedly enabling regulations codified at 28 C.F.R. §§ 26.1-26.5 lack statutory authority; (d) the protocol violates the FDPA's requirements that federal executions (i) take place within state facilities under 18 U.S.C. §§ 3596-3597, and (ii) use either the execution method employed by the state in which the sentence was imposed (only a few of which states use pentobarbital), or that of another state chosen by the sentencing court situated within a state that lacks the death penalty (most of which use an execution method different from the protocol's); (e) the protocol may be carried out against mentally incompetent or intellectually disabled persons in violation of 18 U.S.C. § 3596(c); and (f) those who are selected and scheduled for execution under the protocol are chosen in a secretive and arbitrary fashion by the Attorney General, resulting in executions based on race, religion, geography, and other arbitrary factors.

3. The protocol is likely to cause severe pain to the prisoner in violation of the Eighth Amendment, including with the protocol's use, dispensing, and administration of compounded pentobarbital, as well as the likelihood of such use, dispensing, and administration by inadequately trained and unqualified medical personnel.

4. The protocol is deliberately indifferent to the prisoner's serious medical need to be free from pain and suffering during the execution process, in violation of the Eighth Amendment as well as the prisoner's right to due process of law, for reasons including but not limited to; (A) drug protocol does not accommodate my specific medical condition,
Paragraph (4) Continued below

5. The protocol, and the actions of those who developed it and plan to implement it, violate the due process rights of prisoners to notice and an opportunity to be heard, to equal protection of the law, and to be free of cruel and unusual punishment, in that (a) the prisoners lack knowledge of (i) the procedures that will be used to carry out their executions, (ii) the persons or entities who will be involved in executions and the training and qualifications of such persons, (iii) the persons or entities who compound and/or manufacture the pentobarbital with which the prisoners will be executed, and (iv) the processes by which the lethal drug will be compounded or manufactured; and (b) those who are selected and scheduled for execution under the protocol are chosen in a secretive and arbitrary fashion by the Attorney General, resulting in executions based on race, religion, geography, and other arbitrary factors.

Para (4) coninued: specific medical condition, (B) the protocol does not provide adequate guidance for cancellation of the execution and the life saving measures should something go wrong in the execution, (C) the execution facility is physically inadequate, and (D) the protocol contains no provisions to safeguard against an execution of an incompetent person.

**Administrative Remedy No. 989446-A2**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you contend the current method of execution utilized by the Bureau of Prisons (BOP) violates multiple statutes, as well as your Eighth and Fifth Amendment rights. You feel the protocol calls for administration by inadequately trained and unqualified medical personnel, and is likely to cause severe pain. You further assert that you lack knowledge of certain procedures related to the protocol as well as personnel involved. Finally, you contend the execution facility is physically inadequate. While you do not state a specific request for relief, it appears you seek further information regarding the current execution protocol.

In accordance with Title 28, Code of Federal Regulations, Section 26.3, a sentence of death in a federal case shall be implemented by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death. The lethal injection procedures prescribed by the BOP's Execution Protocol are administered in a humane manner by appropriately trained and qualified personnel. The method of execution currently used by the Bureau of Prisons is in accordance with 28 C.F.R. § 26.3. The lethal injection procedures prescribed by the Execution Protocol have been properly promulgated in accordance with applicable laws and regulations.

If you are seeking additional information/documentation not releasable at the institution level, you may submit a request through a Freedom of Information/Privacy Act (FOIA) request. Such requests must be made in writing and addressed to the following office with both the face of the letter and envelope clearly marked, "Freedom of Information Request.": Federal Bureau of Prisons, Office of General Counsel, FOIA Section, Room 936, 320 First Street, NW, Washington, DC 20534.

This response is provided for informational purposes.

_9/11/19_
Date

_Ian Connors_, Administrator
National Inmate Appeals