Attachment 1

## FCC Terre Haute

### Administrative Remedy – Informal Resolution

711

| Inmate Name: ~~Bailey~~ Wesley | Register #: 14679-045 |
|---|---|
| Units: SCU | Date Submitted: 8/21/19 |

**Section 1: NOTICE TO INMATE** - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

**Section 1a: Briefly state your specific single complaint:** This informal resolution seeks both redress and remedy, as well as to document such retaliatory actions taken against me on this date by several different USP/IH Security Statt, including but not limited to Spt. Taylor, Lt. Parker, as well as Warden J.T. Watson, and in turn mental health psychiatrist (name unknown/will be furnished via the BP-9). The facts germane to the alleged retaliation taken against me by Cpt. Taylor, Lt. Parker and other SCU Staff occurred approximately around 1 p.m.. Prior to this time different SCU Staff (which the surveillance cameras on the range will attest to who those SCU Staff members were and asked if I was ready to be taken out of my cell and to be seen by the Psychiatrist, whereas the psychiatrist me on multiple times in the past three weeks if I wanted to speak with her and I ariably verbatim told her, "no". On this particular date she came to my cell I believe sometime around 12 p.m. and again asked me if I would be willing to talk with her –

**Section 1b: Briefly state the resolution you request:**   Continued Next Page
To document flagrant retaliation, and the protracted ongoing myriad of abuse underscoring it since the day I was afford an execution date of December 13th, 2019 by Warden Watson - which is ongoing............

| Inmate Signature: Wesley A Ira |
|---|
| Counselor Printed Name/Signature: Re |

**Section 2: Department Assigned**   SIS

Date Assigned: 8-22-19    Date Due: 8-30-19

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | Food Service | ☐ | Unit Mgmt | ☐ | Unicor | ☐ | Education |
| ☐ | Psychology | ☐ | Medical | ☐ | Chaplain | ☐ | Recreation |
| ☐ | Trust Fund | ☐ | Custody | ☐ | Facilities | ☐ | Safety |
| ☐ | ISM/Mailroom | ☐ | Admin. | ☒ | SIS | | |

**Section 3: Department Head Response**

Issue Resolved Comments:

Issue Un-resolved Comments: unresolved clm request BP-2

Unable to Address Issue Comments:

| Inmate Signature if Resolved: | | Date: |
|---|---|---|
| Staff Signature: | | Date: 8-27-19 |

*Administrative Remedy Clerk*

**Section 4: Tracking**

| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | 8-13-19 | 8-22-19 | 8-27-19 | 4/3/19 | 9/4/19 | |
| Time | | 600 AM | 105p | 10.19a | 1150p | |
| Staff | AJ | AJ | AJ | TB | WW | |

**ATTACHMENT 8**

Wesley I. Purkey #14679-045                                    BP - 8 Continued

I advised her again to, "get away from my cell and leave me alone, because I have absolutely nothing to talk with you about. Frowning the Psych. walked away from my cell. Sometime later different SCU Staff Members came to my cell - never directly addressing me but made disparaging comments about me outside my cell. While I was shaving, shortly thereafter Lt. Parker appeared at my cell and told me that he needed to talk with me. After the outside box-car door was open Parker advised me that the Psychiatrist wanted to see me and that I needed to back-up to my cell door and get handcuffed. Without equivocation I told Parker that I did not want to see the psychiatrist and that I have a fundamental right under law to refuse to see her. Leaving the outer front of my cell one of the cops' with Parker (again the surveillance camera on the range will attest to which cop addressed Parker) telling Parker, "write his ass up for refusing a direct order." Parker responded stating that, "we cannot force him to see the psychiatrist, he can refuse to see her and their isn't anything that we can do about that." Within ten minutes of Parker leaving my cell he returned with other staff, as well as with Cpt. Taylor. Cpt. Taylor positioning hiself at the very right at the front outter cell area with Lt. Parker adjacent to him with three or four other staff member flanking them Cpt. Taylor without equivocation told me, "you don't want to see the Psych, why not?" When I told him that it was none of his busniess and that I had a right to decide whether or not to speak with their BOP psych or not. He became irate telling me verbatim that, "this is about a Cop Out you sent to the Unit team." So this is about me utilizing the administrative processes, and/or making complaints about the conditions of my confinement I asked him. Again he repeated that, "this is about a cop out you sent to the Unit Team." With acouple of more exchanges he told me that, "you need to back up to your cell door and get cuffed up so we can shake your cell down." "Now you are going to submit me to retaliation because I refuse to talk with the Psych," I told the Captain. Lt. Parker then interrupted asking me, "are you refusing to cuff-up or what?" When I backed up to the cell door Parker twisted my left hand placing it in a hard-bound cuff, and when I complained of the pain being experienced he told me, "you did this to yourself." He then twisted my right hand and wrist causing severe pain placing it in the right side of hard-bound cuff's, whereas both of my wrist were turned outside causing severe pain. After placing leg irons on me and clamping the right leg iron literally into my calf bone he and several other staff's escorted me to the holding cell out-front of the office's station. One of escorting staff who was behind me and I could not see who it was said, "she can talk to him here." After being placed in the holding cell, it took Parker and C.O. Lofton almost fifteen minutes to actually get the "hard-bound handcuffs" off. Shortly' after being taken to the holding cell and the hard-bound cuffs' were taken off the psychiatrist came to the holding cell telling, "sorry we had to do this, but I am concerned if you are having any thoughts about hurting yourself." Again' I told her that, "I do not wish to speak with you and you need to leave me alone lady." She continued to repeatedly ask me, "just let me know whether or not you are having any thoughts of hurting yourself - that is all that I need to know and then you can return to your cell." At that point I remained reticent and turned my back to her. She left the area and shortly thereafter Lt. Parker and his crew came after me and escorted me to my cell which now had been ransacked.

   It is well established law that a prisoner has a fundamental right not to be coerced or physically forced into seeking or being treated by mental health staff. See Albright v. Oliver, 510 U.S. 266, 272, 114 S.Ct. 807 (1994); see also Johnson v. Melter, 134 F.3d 1393, 1397-98 (9th cir. 1989). Here this is verbatim what Cpt. Taylor, Lt. Parker and with the knowledge of Warden Waston (who Cpt. Taylor is subordinate to) did was coerce and physically forced me to see mental health, i.e. the psychiatrist and subject me to disciplinary action for both refusing to see mental health/psych. and for complaints presented to the SCU Unit Team anent conditions of my execution range treatment (which Cpt. Taylor unequivocally brought to bear). Such retaliation taken against me by Cpt. Taylor, Lt. Parker and Watson runs afoul of well established tenets under both the First and Eighth Amendments. See Babcock v. White 102 F.3d 267, 275 (7th Cir. 1996)("prison officials taking retaliation - against a prisoner complaints made toward the conditions of confinement states a viable constitutional claim of retaliation."); see also Stanley v. Lischer, 213 F.3d 340, 343 (7th Cir. 2000)("[w]hen action taken against an inmate would otherwise be permissible conduct becomes impermissible when done with a retaliatory animus."). Bringing the retaliatory cell shakedown to bear is seen in Cpt. Taylor and Lt. Parker's subterfuge actions to cover it up. After ransacking my cell and knowing that I would address their abuses taking place through the administrative processes as I am, they then concocted a facade masquerading shaking down the other four inmates with execution dates. This masquerade is palpable and is nothing more than counterfeit efforts to concoct a guise to conceal their retaliatory animus for tearing my cell apart - as I told both Taylor and Parker when Taylor clarified after I refused to be seen by the psych. that, "you need to cuff-up so we can shake your cell down." And of course my response was, "so now you are going to take retaliation against me for refusing to be seen by that female psych." The masquerade and facade followed thereafter to guise and conceal the blatant and glaring retaliation that Cpt. Taylor and Lt. Parker subjected to, including the bone tight rigid handcuffing that severely caused pain and suffering, and still is at the time this material is being written.

                                   End of Extra Page BP - 8

                                                              **Administrative
                                                              Remedy Clerk**

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Purkey  Wesley  I. | #14679-045 | SCU | USP/TH
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A– INMATE REQUEST** This administrative remedy timely follows the receipt of the attached Informal Resolution received by me on 8/27/10, whereas such material sought both redress and to document the flagrant violations of well established that were irrefutably committed by Warden Watson, Cpt. Talyor and Lt. Parker in subjecting me to retaliatory actions after coercing me to be seen by the Psychiatrist after I adamantly refused to speak with her on multiple occasions. Because of such refusals the Warden, Cpt and Lt. subjected me to retaliation, including ransacking my cell and physical abuse as well in twisting both of my wrist forcing them sideways into a pair of hard-handcuffs that consisted of a steel bar instead of a chain link between the two handcuffs. These are interrelated issues and are delineaed and enunciated through the attached materials and will not be referenced through subsequent paragraphs unless for clarification purposes. Contrary to Lt. Gore/SIS who initially discussed the claims presented through the attached materials with me while I was at the law library – at no time did I advise Lt. Gore that I wanted to proceed to a BP-9, whereas I told Lt. Gore that I wanted an investigation undertaken to address the allegations presented. Here Lt. Gore readily ignored such request and refused to perform so much as a cursory investigation into the issues presented because such claims were being presented by his superiors Warden Watson and Cpt. Taylor and his associate Lt. Parker. None of the allegations presented through the attached material were disputed, although Lt. Gore buried his head in the proverbial sand to such claims made of abuse taken against me by his associates. Shortly after filing the attached BP-8 Warden Watson and Cpt. Taylor came to my cell during admin.rds. in the Unit. Standing outside of my cell in the exterior area of the box-car cell the Warden unequivocally advised me that, "you refused to be seen by the psychiatrist – so were took action for you to be seen by her. There may be future times that you will also be forced to be seen by her." The actions taken by the Warden, Cpt and Lt. stand in acute violations of well established law.

9/1/19    DATE | SIGNATURE OF REQUESTER

**Part B– RESPONSE**

9/4/19

SEP 05

Administrative
Remedy Clerk

DATE | WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE | CASE NUMBER: 2503S 2-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982

**Requirement for submission of this request directly to the Regional Director, Bureau of Prisons.**

When the inmate believes that he may be adversely affected by submission of this request at the institution level because of the sensitive nature of the complaint, he may address his complaint to the Regional Director. He must clearly indicate a valid reason for not initially bringing his complaint to the attention of the institution staff.

If the inmate does not provide a reason, or if the Regional Director or his designee believes that the reason supplied is not adequate, the inmate will be notified that the complaint has not been accepted. The form sent to the Regional Director will not be returned. However, the inmate may prepare a new request and submit it at the institution if he wishes.

Remedy No.:  990352-F1                                    FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted September 4, 2019, in which you allege you were forced to speak with Psychology staff despite you denying a desire for the services. You made no specific request for relief in your Administrative Remedy.

A review of your request reveals Psychology staff came to speak with you after being notified you were not interested in receiving any more visits. This decision can be a risk factor for suicidal self-directed violence. Per Program Statement 5310.16, <u>Treatment and Care of Inmates with Mental Illness</u>, critical contacts, such as a suicide risk assessment, are to be conducted in a private area. While you are not required to discuss anything with the Psychologist during that time, this provides you with the opportunity to discuss sensitive issues in a confidential environment.

All staff are held to a high standard of treating inmates fairly, impartially, and humanely. Mistreatment of inmates is not tolerated. Therefore, this matter will be thoroughly reviewed and if it is determined staff acted inappropriately, this issue will be forwarded to the proper investigative authority. However, you will not receive information regarding the outcome of any staff investigation.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.


_11/26/19_____
Date                                        B. Lammer, Warden