Attachment 1

## FCC Terre Haute

723   Administrative Remedy – Informal Resolution

| Inmate Name: Purkey, Wesley | Register #: 14679-045 |
|---|---|
| Unit: SCU | Date Submitted: 9/07/19 |

**Section 1: NOTICE TO INMATE** - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

**Section 1a:** Briefly state your specific single complaint: This seeks both redress and to document the continuing and protracted abuses permeating my conditions of confinement on what is known at "Execution Range", i.e. A-Range where I await execution on the 13th of December, 2019. Here the facts show that SCU Staff, as well as SCU Staff who are assigned to Execution Range, as well as both Warden Watson and Cpt. Taylor have created abuses conditions of my confinement subjecting me to proliferate sleep deprivation and have condoned such abusive conditions of confinement not only by turning a blind eye to such, but by actually creating the tactic policy underscoring the abuses subjecting me to dire sleep deprivation and collateral problems of both physical and mental problems to such sleep deprivation. The following facts presented and authority bringing to bear the acute violation of well established in finding that such such abusive treatment, especially seen in the case sub judice of a protracted and ossify nature clearly runs

**Section 1b:** Briefly state the resolution you request: For remedial actions to immediately take place addressing the protracted, ongoing and ossify abuses taking place denying me sleep each and everyday of the week since my Execution Range placement occurred, and to satisfy statutory requirements pursuant to 28 USC §1997e(a).

Continued next page

| Inmate Signature: Wesley J Purkey |
|---|
| Counselor Printed Name/Signature: N/A |

| Section 2: Department Assigned SIS | | | |
|---|---|---|---|
| Date Assigned: 9-9-19 | | Date Due: 9-16-19 | |
| ☐ Food Service | ☐ Unit Mgmt | ☐ Unicor | ☐ Education |
| ☐ Psychology | ☐ Medical | ☐ Chaplain | ☐ Recreation |
| ☐ Trust Fund | ☐ Custody | ☐ Facilities | ☐ Safety |
| ☐ ISM/Mailroom | ☐ Admin. | ☒ SIS | |

**Section 3: Department Head Response**

Issue Resolved Comments:

Issue Un-resolved Comments: No Response Received.

Unable to Address Issue Comments:

| Inmate Signature if Resolved: | Date: |
|---|---|
| Staff Signature: | Date: 9-16-19 |

**Section 4: Tracking**

| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | 8-26-19 | 9-9-19 | 9-16-19 | | | |
| Time | | 1000/m | 3000 | | | |
| Staff | AS | AS | AS | | | |

THX-1330.18C

**ATTACHMENT 9**

Wesley I'l Purkey #14679-045                                          BP – 8 Continued / 9/07/19

afoul with well established law.

<u>Facts Underscoring Warden Watson & Cpt. Taylor's Tactic Policy which abuses of Execution Confinement Is Predicated On:</u>

As thoroughly documented in the past since being place on Execution Range / July 25th, 2019 that Warden Watson and Cpt. Taylor has established a tactic written policy mandating that inmates with execution dates be woken up every fifteen minutes to determine that they are still alive. Through several different written communciations, i.e. Cop Out(s) and email afforded to both Warden Watson and Cpt. Taylor since July 25th, 2019 I have addressed the ongoing, protracted and chronic problem of being denied sleep by both SCU Staff and Staff Assigned to the Execution Range, as well as different Lieutenant(s) making rounds on the Range which in the most part have not received responses. On Sept. 5th, 2019 during administrative rds on Execution Range Warden Watson had the exterior door of my box-car cell door(s) open, whereas he entered such exterior of my cell and asked me if I had any issues to be addressed. I immediately addressed both SCU Staff, as well as SCU Staff Assigned to Execution Range constantly waking me up by holding a five battery flashlight in my face when they made rounds which consisted of at minimum every fifteen minutes and/or rounds being made sometimes at brief intervals of "within minutes apart from rounds being made". Warden Watson in response unequivocally clarified that, "I do not have a problem with staff making sure that you are awake and alive every fifteen minutes or so – as long as they are not shaking the cell door's or making noise of one sort or another," he told me. When sought additonal clarification asking him, "so you mean that I am not entitled to sleep because I have an execution date and that you condone your staff needlessly wakingme up despite my cell light being elft on so they have a vivid view of me lying in bed within this concrete cell," I asked him. "That is right,d as long as they are only waking you up with their flashlight – then they are inc ampliance with my policy," Warden Watson told me.

This same night C.O. Pruit made her initial rounds on the Range at approximately 11:35 p.m. shining her flshlight directly into my face and holding it there. She made around round at approximately 11:58 p.m. performing the very same tactic that she initially did waking me uo yest agin. Within a few minutes another SCU Staff member made rounds on the range and with his flashlight illuminating my cell and pointed directly in my face he held it there for several seconds until confronted him with his malicious deliberate actions. Unable to see who it was because of the light directly being held in my face I asked him waht his name was, and he provided me with the typical adolescent response telling me that, "I will give you something with my name on it." Of course this is the typical juvenile threat of reprisal if an inamte seeks redress for such abusive actions by staff. Within seven (7) minutes of this incident occurring C.O. Pruitt was back making yet another round on the range performing her usual abuse of shining her flashlight directly into my face, illuminating the cell and making sure that I 'aj awake and alive. These abuses by C.O. Pruitt continued throughout the night, as they do everynight that she works on Execution Range.

On 9/06/19 at approximately 11:35 p.m. after Pruitt made her initial round ocddn the range another SCU Staff member came to my cell performing rounds and stood at my cell door for at least two to three minutes holding his flashlight directly in my face unitl I again confront him about his continuous abusive actions. When I asked C.O. Puritt later who take C.O. was holding his flashlight in my face for a protracted period – she advised me that, "last night that officer was 'Falk". Whether this was the same staff member performing the same abusive actions on this date I have no way of knowing.

<u>Well Established Authority Demonstrating Violation Of Well Established Law / Sleep Deprivation:</u>

Sleep is critical to maintain physical and mental well being, and conditions that cause inamte(s) to suffer sleep deprivation are held to violate well established law. See Walker v. Schult, 717 F.3d 119, 126 (2d Cir. 2013); see also Obama v. Butl, 477 Appx' 409, 411 (8th Cir. 2012). Inmates allegations of being contantly being subject to sleep deprivation by prison staff, causing them severe headackes, stress and anxiety was sufficient to state a cognizable Eighth Amendment Violation of law. See Melsy v. Schuetzle, 230 F.3d 1363, 1365, 2000 WL at *1 (8th Cir. 2000); see also Gates v. Cook, 376 F.3d 323, 340 (5th Cir. 2004); and also Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999).

The tactic policies created by both Warden Watson and Cpt. Taylor which has created the abuses causing me sever protracted, ongoing and chronic sleep deprivation, and the abuses at the hands of both SCU Staff and SCU Staff Assigned to Execution Range stands in acute violation of well established law, as described aherein.

cc: file                                    <u>End Of Extra Page BP – 8</u>

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

## REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Purkey    Wesley    I.                    #14679-045        SCU            USP/TH
      LAST NAME, FIRST, MIDDLE INITIAL           REG. NO.         UNIT            INSTITUTION

**Part A- INMATE REQUEST** This administrative remedy timely follows the 'Nonresponse' to the attached BP-8 received by me on this 16th day of September, 2019, whereas SCU Case Worker advised me upon receipt of such material that, "I have tried to contact SIS for response and they have not returned my calls." This response timely follows reiterating the issues presented through the attached material demonstrating the acute violations of well established law inasmuch that the facts permeating such claims bring to bear both the Warden's knowledge of such, but further-more that it is his own tactic policies and practices that are at root of the abuses underscoring the admitted sleep deprivation and consequences being suffered by me because of such. Those facts, issues and arguments are all incorporated herein from the attached material, whereas SIS in its usual tactic practice has buried its proverbial head in the sand in-lieu of addressing the protracted, chronic and ossify problems created by Warden Watson and Cpt. Taylor. Such blind acquiesce by SIS to any abuses noted by its' superiors, Warden Watson and/or Cpt. Taylor is common place and typical otherwise. The issues and facts presented through the attached material remains the same herein.

End Of BP - 9

Sept. 16th, 2019
      DATE                                         SIGNATURE OF REQUESTER

**Part B- RESPONSE**

      DATE                                         WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                                    CASE NUMBER: 951838-F1

                                                      CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL           REG. NO.         UNIT            INSTITUTION

Requirement for submission of this request directly to the Regional Director, Bureau of Prisons.

When the inmate believes that he may be adversely affected by submission of this request at the institution level because of the sensitive nature of the complaint, he may address his complaint to the Regional Director. He must clearly indicate a valid reason for not initially bringing his complaint to the attention of the institution staff.

If the inmate does not provide a reason, or if the Regional Director or his designee believes that the reason supplied is not adequate, the inmate will be notified that the complaint has not been accepted. The form sent to the Regional Director will not be returned. However, the inmate may prepare a new request and submit it at the institution if he wishes.

Sp.Ex.(A)



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☒ Institution ☐ Region ☐ Central

_SCU_ Unit

# Receipt of
# Administrative Remedy

Inmate Name: PURLEY Wesley    Reg. No.: 14699-042

Administrative Remedy No.: 951828-F1

Received on this 25th day of September, 2019.

_____
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2019.

Edits received by Unit Team on this _____ day of _____, 2019.

_____
Signature/Title of Staff

Inmate Copy

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 24, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      TERRE HAUTE USP

TO  : WESLEY IRA PURKEY, 14679-045
      TERRE HAUTE USP     UNT: SCU     QTR: X01-313L
      4700 BUREAU ROAD SOUTH
      TERRE HAUTE,  IN 47802

FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 991828-F1       ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : SEPTEMBER 18, 2019
SUBJECT 1       : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REMARKS         : REPETITIVE TO 987526-F1

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: TUCKER    WESLEY    L.    #14679-045    ____    USP/TH
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　　INSTITUTION

**Part A - REASON FOR APPEAL** This Regional Appeal timely follows the receipt of the attached rejected administrative remedy which was given back to me on the 20th day of September, 2019. See p. Ex. (A)/hereto attached. The facts presented through the attached Admin.Rd. acting to bear that both the Warden and Cpt. have created a tactic policy that dictates that the five inmates awaiting execution, myself included are to be woken and verify that they are still alive and conscious every fifteen minutes, whereas over a 100 ab node rounds are made daily on 4-range, execution range consist, severe stress, anguish and psychical problems based on the acute and abstract sleep deprivation for the past two months. The facts supporting such claim will not be reiterated through subsequent paragraphs but are incorporated herein through the attached material. The administrative grievance officer rejected this immediate administrative summarily claiming that it is repetitious to admin.rd.#8/bp8-11 which nothing could be farther from the truth. Whereas recent Administrative remedy documents not only the ongoing, protracted and chronic nature of the problem causing the severe debilitating anguish from such prolonged sleep deprivation, but more so that the sleep deprivation is an undirect result stemming from Warden Watson and Cpt. Taylor's tactic policy which they both certify unfounded into the promulgating of such action but zealously and rigidly as acting enforcement of thereby' each of these individuals have acknowledge enforcement of such tactic policy after being fully apprised of the dire consequences of such and such facts are being documented pursuant to 42 U.S.C. § 1997e and thoroughly preserved through each stage of the administrative Admin. Processes in satisfying requirements mandated through the statutory provisions of that applicable the statutory provisions. thank you for your genuine attention to the issues presented herein.

September 20th, 2019
DATE

_(signature)_ Wesley L. Tucker
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____
DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY　　　　　CASE NUMBER: _991526-R1_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　　INSTITUTION

SUBJECT:_____

_____
DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

USP LVN

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _____    _____    _____    _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: _____

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____    _____    _____    _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

_____
DATE

_____
RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN    PRINTED ON RECYCLED PAPER    BP–229(13)
APRIL 1982

Attachment 1

FCC Terre Haute

723

Administrative Remedy – Informal Resolution

| Inmate Name: Purkey Wesley | Register #46791-045 |
|---|---|
| Unit: SCU | Date Submitted: 9/07/19 |

**Section 1: NOTICE TO INMATE** - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

Section 1a: Briefly state your specific single complaint: This seeks both redress and to document the continuing and protracted abuses permeating my conditions of confinement on what is known at "Execution Range", i.e. A-Range where I await execution on the 13th of December, 2019. Here the facts show that SCU Staff, as well as SCU Staff who are assigned to Execution Range, as well as both Warden Watson and Cpt. Taylor have created abuses conditions of my confinement subjecting me to proliferate sleep deprivation and have condoned such abusive conditions of confinement not only by turning a blind eye to such, but by actually creating the tactic policy underscoring the abuses subjecting me to dire sleep deprivation and collateral problems of both physical and mental problems to such sleep deprivation. The following facts presented and authority bringing to bear the acute violation of well established in finding that such such abusive treatment, especially seen in the case sub judice of a protracted and ossify nature clearly runs

Section 1b: Briefly state the resolution you request: For remedial actions to immediately take place addressing the protracted, ongoing and ossify abuses taking place denying me sleep each and everyday of the week since my Execution Range placement occurred, and to satisfy statutory requirements pursuant to 28 U.S.C.§1997e(a).

Continued
next page

| Inmate Signature: Wesley I Purkey | |
|---|---|
| Counselor Printed Name/Signature: | |

| Section 2: Department Assigned  SFS | |
|---|---|
| Date Assigned: 9-9-19 | Date Due: 9-16-19 |

| | | | |
|---|---|---|---|
| ☐ Food Service | ☐ Unit Mgmt | ☐ Unicor | ☐ Education |
| ☐ Psychology | ☐ Medical | ☐ Chaplain | ☐ Recreation |
| ☐ Trust Fund | ☐ Custody | ☐ Facilities | ☐ Safety |
| ☐ ISM/Mailroom | ☐ Admin. | ☒ SIS | |

**Section 3: Department Head Response**

Issue Resolved Comments:

Issue Un-resolved Comments: No Response Received.

Unable to Address Issue Comments:

| Inmate Signature if Resolved: | Date: |
|---|---|
| Staff Signature: | Date: 9-16-19 |

**Section 4: Tracking**

| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | 8-26-19 | 9-9-19 | 9-16-19 | | | |
| Time | | 1000/m | 300p | | | |
| Staff | AS | AS | AS | | | |

THX-1330.18C

Page 7

Wesley Ira Purkey #14679-045                                    BP - 8 Continued / 9/07/19

afoul with well established law.

Facts Underscoring Warden Watson & Cpt. Taylor's Tactic Policy which abuses of Execution Confinement Is Predicated On:

As thoroughly documented in the past since being place on Execution Range/July 25th, 2019 that Warden Watson and Cpt. Taylor has established a tactic written policy mandating that inmates with execution dates be woken up every fifteen minutes to determine that they are still alive. Through several different written communciations, i.e. Cop Out(s) and email afforded to both Warden Watson and Cpt. Taylor since July 25th, 2019 I have addressed the ongoing, protracted and chronic problem of being denied sleep by both SCU Staff and Staff Assigned to the Execution Range, as well as different Lieutenant(s) making rounds on the Range which in the most part have not received responses. On Sept. 5th, 2019 during administrative rds on Execution Range Warden Watson had the exterior door of my box-car cell door(s) open, whereas he entered such exterior of my cell and asked me if I had any issues to be addressed. I immediately addressed both SCU Staff, as well as SCU Staff Assigned to Execution Range constantly waking me up by holding a five battery flashlight in my face when they made rounds which consisted of at minimum every fifteen minutes and/or rounds being made sometimes at brief intervals of "within minutes apart from rounds being made". Warden Watson in response unequivocally clarified that, "I do not have a problem with staff making sure that you are awake and alive every fifteen minutes or so - as long as they are not shaking the cell door's or making noise of one sort or another," he told me. When sought additonal clarification asking him, "so you mean that I am not entitled to sleep because I have an execution date and that you condone your staff needlessly wakingme up despite my cell light being elft on so they have a vivid view of me lying in bed within this concrete cell," I asked him.. "That is right,d as long as they are only waking you up with their flashlight - then they are inc ampliance with my policy," Warden Watson told me.

This same night C.O. Pruit made her initial rounds on the Range at approximately 11:35 p.m. shining her flshlight directly into my face and holding it there. She made around round at approximately 11:58 p.m. performing the very same tactic that she initially did waking me uo yest agin. Within a few minutes another SCU Staff member made rounds on the range and with his flashlight illuminating my cell and pointed directly in my face he held it there for several seconds until confronted him with his malicious deliberate actions. Unable to see who it was because of the light directly being held in my face I asked him waht his name was, and he provided me with the typical adolescent response telling me that, "I will give you something with my name on it." Of course this is the typical juvenile threat of reprisal if an inamte seeks redress for such abusive actions by staff. Within seven (7) minutes of this incident occurring C.O. Pruitt was back making yet another round on the range performing her usual abuse of shining her flashlight directly into my face, illuminating the cell and making sure that I 'aj awake and alive. These abuses by C.O. Pruitt continued throughout the night, as they do everynight that she works on Execution Range.

On 9/06/19 at approximately 11:35 p.m. after Pruitt made her initial round ocddn the range another SCU Staff member came to my cell performing rounds and stood at my cell door for at least two to three minutes holding his flashlight directly in my face unitl I again confront him about his continuous abusive actions. When I asked C.O. Puritt later who take C.O. was holding his flashlight in my face for a protracted period - she advised me that, "last night that officer was 'Falk'. Whether this was the same staff member performing the same abusive actions on this date I have no way of knowing.

Well Established Authority Demonstrating Violation Of Well Established Law/Sleep Deprivatiom:

Sleep is critical to maintain physical and mental well being, and conditions that cause inamte(s) to suffer sleep deprivation are held to violate well established law. See Walker v. Schult, 717 F.3d 119, 126 (2d Cir. 2013); see also Obama v. Butl, 477 Appx' 409, 411 (8th Cir. 2012). Inmates allegations of being contantly being subject to sleep deprivation by prison staff, causing them severe headackes, stress and anxiety was sufficient to state a cognizable Eighth Amendment Violation of law. See Melsy v. Schuetzle, 230 F.3d 1363, 1365, 2000 WL at *1 (8th Cir. 2000); see also Gates v. Cook, 376 F.3d 323, 340 (5th Cir. 2004); and also Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999).

The tactic policies created by both Warden Watson and Cpt. Taylor which has created the abuses causing me sever protracted, ongoing and chronic sleep deprivation, and the abuses at the hands of both SCU Staff and SCU Staff Assigned to Execution Range stands in acute violation of well established law, as described aherein.

cc: file                                End Of Extra Page BP - 8

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

Administrative Remedy Number: 991828-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on October 10, 2019, in which you allege staff is causing you anguish and psychological problems by waking you up every 15 minutes to verify you are still alive. Additionally, you claim the Terre Haute Administrative Grievance Coordinator refused to accept this Administrative Remedy Appeal because it is repetitive to Administrative Remedy No. 987526-F1.  You make no specific request for relief.

We have reviewed the information presented in your appeal.  The Warden adequately addressed your concerns regarding frequent and irregular rounds in Administrative Remedy No. 987526.  Staff are required to view inmates in continuous lockdown units to ensure their health and welfare.  The Warden also stated the matter of staff making excessive rounds will be forwarded to the appropriate investigative authority for review.  You have not provided any evidence staff acted contrary to policy.

Based on the above information, this response to your Regional Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.  Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_12-30-19_
Date

J. E. Krueger, Regional Director