Attachment 1

## FCC Terre Haute

### Administrative Remedy – Informal Resolution

747

| Inmate Name: Purkey Wesley Ira | Register #: 14675 904C |
|---|---|
| Unit: 3/W | Date Submitted: Nove;ber 15th, 2019 |

Section 1: NOTICE TO INMATE - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

Section 1a: Briefly state your specific single complaint: This seeks both redress and remedy for C.O. Pruitt's deliberate harassment, as well as to document such based on her continuous actions in denying me sleep for the past three months. Pruitt contends as she did this past night, November 14th, 2019 that based on the Warden's July 25th, 2019 -Directive that she is mandated to perform (15) fifteen minute rounds on the unit to make sure that each of the five inmates with execution dates are alive and breath. Each one of the 32 - 35 rounds that Pruitt makes nightly she deliberately shines the flashlight directly in my eyes and/or illuminates my entire cell with her (5) five battery flashlight to make sure that I am both alive and breathing. In combination with C.O. Pruitt performing her 32-35 or more rounds on the range every night, a Lieutentant as well makes nightlay rounds holding a flashlight directly in each inmate's face, including my own making sure that I am alive and breath, as well as SOU Staff in turn making arbitrary rounds on the
Continued Next Page

Section 1b: Briefly state the resolution you request: to document the constant abuse and the dire physical and mental consequences resulting from such abuse stemming from the date I was given an execution date on July 25th, 2019.

| Inmate Signature: | W. |
|---|---|
| Counselor Printed Name/Signature: | A. Hea    Is Hea |

| Section 2: Department Assigned: | STS /Custody/ | | |
|---|---|---|---|
| Date Assigned:  11-18-19 | | Date Due:  11-25-19 | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | Food Service | ☐ | Unit Mgmt | ☐ | Unicor | ☐ | Education |
| ☐ | Psychology | ☐ | Medical | ☐ | Chaplain | ☐ | Recreation |
| ☐ | Trust Fund | ☐ | Custody | ☐ | Facilities | ☐ | Safety |
| ☐ | ISM/Mailroom | ☐ | Admin. | ☒ | SIS | | |

Section 3: Department Head Response

Issue Resolved Comments:

Issue Un-resolved Comments:

Unable to Address Issue Comments:

**This is repetitive. A fact finding and response have been done on this issue already.**

| Inmate Signature if Resolved: | | Date: | |
|---|---|---|---|
| Staff Signature: | | Date: | 11 9-19 |

Section 4: Tracking

| | BP-8 issued to inmate. | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | 11/15/19 | 11-18-19 | 11-19-19 | | | |
| Time | 8/10 | 6Am | | | | |
| Staff | UW | AS | AS | | | |

THX-1330.18C

**ATTACHMENT 14**

Wesley I. Purkey #14679-045                          November 15th, 2019
BP-8 Continued                                       Continuous Harassment

range waking myself up and the other four inmates also to make sure that we are all "alive and breathing."
As SCU Staff have reiterated many times over that, "Barr selected these particular five inmates to die
first because they are the biggest pieces of shit on the unit." And so the harassment by Pruitt and other
SCU Staff Members, as well as given lieutenant(s) have span a three month period and is ongoing undauntted,
whereas Warden Watson and Cpt. Taylor have readily conceded that such harassment stems from their mandate
that the five inmates on Range be waken-up every fifteen (15) minutes - 24/7 to verify that each inmate
is "alive and breathing." In fact Warden Watsond with Cpt. Taylor present at my cell door clarified that,
"along as staff is only utilizing a flashlight to wake me up every fifteen minutes - 24/7 and not shaking
my cell door that - that was alright!

The protracted sleep deprivation for a three (3) month period under the directive of Warden Watson
and Cpt. Taylor, as carried out by C.O. Pruitt and other SCU Staff has taken a severe and chronic conseq-
uences both physically and mentally. And because I am three weeks from being executed staff such as Pruitt
has readily reiterated that, "no one gives a damn about what consequences you are suffering from us keeping
you wake, because you will be dead in a month. Whereas Puritt and other staff advised me that, "if you
write that up then I'll write your ass up for lying." Such abuse of power is ongoing and causing me severe
physical and psychological problems, whereas I am in fear of being subject to retaliatory disciplinary
action, as I have in the past for seeking redress and documenting such abuse via the administrative pro-
cesses.

### Signed Under Penalty of Perjury

The undersigned does attest under pains of perjury that the above and foregoing is true and correct
to the best of his knowledge and beliefs pursuant to 28 U.S.C. §1746. Executed on this 15th day of November,
2019.

Wesley I. Purkey #14679-045
declarant

end of extra page BP - 8

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _**Purkey    Wesley    I.**_    #**14679-045**    **SCU**    **USP/TH**
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST**  This administrative remedy timely follows the attached BP-8 which was returned to me on this date, November 19th, 2019 w/o response given. These issues of abuse of sleep deprivation have continued undaunted since July 25th, 2019, as described through the attached material, which C.O. Pruitt readily attest to being the mandate/directive issued by Warden Watson and Cpt. Taylor. Whereas' litigation is pending seeking redress and remedy for the protracted, ongoing and chronic abuses as delineated and enunciated through the attached material. See Purkey v. Watson, et al., 2:19-cv-00517-JRS-DLP (S.D.Ind Oct. 28th, 2019). This material exhaust this level of the applicable administrative procedures pursuant to 28 U.S.C. §1997e. Thank you for your attention to such. Under applicable BOP Policy anent administrative remedies it is not mandated that relief is requested, whereas under applicable statutory requirements as provided herein exhaustion of such administrative remedies per issues presented must be fully exhausted prior to seeking redress via the courts'. id. That is if such relief is available at the stage original grievance procedures is designated. Here' providing the directive of Warden Watson and Cpt. Taylor that underscores the alleged sleep deprivation is premise on is requested, as requested turn C.O. Pruitt and other similar situated staff immediately stop invoking the abuse underscoring such protracted, ongoing and chronic sleep deprivation from occurring.

_November 20th, 2019_
DATE

_____
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

**RECEIVED**
**USP Terre Haute**

NOV 2 0 2019

**Administrative**
**Remedy Clerk**

_____    _____
DATE    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**    CASE NUMBER: _**978034-F1**_

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____    _____    _____    _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    ⊛    _____    BP-229(13)
DATE    RECIPIENT'S SIGNATURE (STAFF MEMBER)    APRIL 1982

USP LVN

**Requirement for submission of this request directly to the Regional Director, Bureau of Prisons.**

When the inmate believes that he may be adversely affected by submission of this request at the institution level because of the sensitive nature of the complaint, he may address his complaint to the Regional Director. He must clearly indicate a valid reason for not initially bringing his complaint to the attention of the institution staff.

If the inmate does not provide a reason, or if the Regional Director or his designee believes that the reason supplied is not adequate, the inmate will be notified that the complaint has not been accepted. The form sent to the Regional Director will not be returned. However, the inmate may prepare a new request and submit it at the institution if he wishes.

Remedy No.:  998039-F1                                FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted November 20, 2019, in which you allege staff are making rounds frequently. You further state this is subjecting you to sleep deprivation. You made no specific request for relief.

A review of your request reveals that this allegation is repetitive in nature and was previously addressed in Administrative Remedy 987526-F1. You have provided no new information warranting further review of this issue.

Therefore, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Tower II, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

_____                        _____
Date                                         T. J. Watson, Complex Warden

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Purkey    Wesley    I.                  #14679-045        SCU              USP/TH
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT            INSTITUTION

**Part A- INMATE REQUEST** this administrative remedy timely follows the (non-response) to the attached BP-8, whereas contrary to the Lieutenant's claims otherwise I did not refuse to resolve the attached BP-8 and advise him that I wanted to proceed to a BP-9 - I advised the Lieutenant that, "because of his blind acquiesce to the protracted problems as delineated through the attached material and which is ongoing that I would proceed to an administrative remedy. This administrative remedy follows setting forth the ongoing nature of the problems enunciated through the attached material. As brought to bear through the attached BP-8 that the deliberate and malicious waking of those inmates' such as myself with an execution date set suffers the plights of given SCU Staff who are designated to remain on Lower-A Range, known as Execution Range during their entire shift. As seen in the attached BP-8 that given morning watch staff who work from generally 11p.m. thr 7:30a.m. constantly make rounds at as little as five to ten minutes per round - from any-where from 5 to 7 rounds per hour, always illuminating an inmate's 6x8 concrete cell with their five battery flash-light. Whereas I have been repeatedly advised that, "we have been told to make sure that you are alive everytime that we make rounds - so we have to witness you moving everytime we make rounds. These same complaints as leveled through the attached BP-8 have been reiterated to both the Warden in person and through several different correspondence, see SP.Ex.(A)/hereto attached, whereas the Warden has speciously claimed that, "I'll look into it". Other complaints have been sent to Acting Cpt. Taylor without response, as well as addressing the issues with different Lieutenant(s) as I did on this date when being escorted to Recreation, whereas I asked the Lt. for the morning shift's female staff's name who has repeatedly and maliciouslya woke me up consistently almost every ten minutes during her rounds on the range. He advised me that, "she hasn't worked here long so I don't know her name." Of course this is the typical

August 13th, 2019              Continued Next Page                    SIGNATURE OF REQUESTER
DATE

**Part B- RESPONSE**

RECEIVED

USP Terre Haute

AUG 14 2019

Administrative
Remedy Clerk

_____                    WARDEN OR REGIONAL DIRECTOR
DATE

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

                                              CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT            INSTITUTION

SUBJECT: _____

_____        ⊗                    RECIPIENT'S SIGNATURE (STAFF MEMBER)        BP-229(13)
DATE                    PRINTED ON RECYCLED PAPER                                            APRIL 1982
USP LVN

Wesley I. Purkey #14679-045                                    BP - 9 Continued

good ole boy cover-up to cover each others' back's. In fact in the past two days I have repeated asked this Execution Range Staff member what her name is and she has adamantly refused to provide such. The problem presented via the attached BP-8 this staff member exemplify, whereas on Friday, August 9th at 12:01 a.m. this female staff member became waking me up at intervals of every five to ten to fifteen minutes throughout the night. At approximately 3 a.m. because the anxiety and stress being caused by this female staff member on execution range I pressed the emergency button in my cell after experiencing acute chest pains, shortness of breath and extreme headackes. When she and the SCU's OIC came to my cell and asked me what the problem was I explained verbatim what the problem - and they then walked away from my cell without ever contacting medical. After staff left my cell that morning at 3a.m. one of them said that, "Why is he worried about dying - he has an execution date." This is verbatim the mentality underscoring the problem denlieanted and enunciated through the attached material. In fact the problem continues with the unidentified female staff who both the lieutenant and herself will not afford me her name as seen on this date starting at approximately 12:01 a.m. As the Lieutenant advised me on thissame date that, "she is new!"

Well established law brings to bear the acute Eighth Amendment violation taking place by given Execution Range Staff subjecting me to protracted sleep deprivation, and the ossify indifference being seen to such by executive staff, i.e. the Warden and Acting Cpt. Talyor, as well as the unnamed Lieutenant(s) who in turn demonstrate blind acquiesce to such. See Walker vll Schult, 717 F.3d 119, 126 (2d Cir. 2013)("prison staff deliberate actions causing inmate acute sleep deprivation states a cognizable Eighth Amendment Claim of constituting 'cruel and unusual punishment'."); see also Obama v. burl., 477 F'Appx' 409, 411 (8th Cir. 2012); and also Meloy v. Schuetzle, 230 F.3d 1363 (8th Cir. 2000). Here execution range staff deliberate and malicious acts causing me acute sleep deprivation constitutes an Eighth Amendment violation under tenets of well established law.

<u>End of Extra Page BP - 9</u>

RECEIVED
USP Terre Haute

Aug 1

Administrative
Remedy Clerk

Remedy No.:  987526-F1                                    FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted August 14, 2019, in which you allege staff are making rounds frequently. You further state this is subjecting you to sleep deprivation. You made no specific request for relief.

A review of your request reveals a staff member will observe all inmates confined in your assigned unit on a frequent and irregular schedule. All observations made will be documented. The intention of these rounds is to have staff walking the unit at irregular intervals to monitor inmate activities and health. This means during rounds, a staff member will observe the activity of every inmate in the unit. During the next interval period, a staff member will do the same thing, but alter the time and route of the rounds to maintain an irregular schedule. The frequency of rounds may increase or decrease without notice due to the nature of the practice.

All staff are held to a high standard of treating inmates fairly, impartially, and humanely. Mistreatment of inmates is not tolerated. Therefore, this matter will be thoroughly reviewed and if it is determined staff acted inappropriately, this issue will be forwarded to the proper investigative authority. However, you will not receive information regarding the outcome of any staff investigation.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Tower II, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

_____                    _____
Date                                         T. J. Watson, Complex Warden