Attachment 1

## FCC Terre Haute

### Administrative Remedy – Informal Resolution

748

| Inmate Name: *Purkey, Wesley* | Register # 14679-045 |
|---|---|
| Unit: SCU | Date Submitted: Nov. 16th, 2019 |

**Section 1: NOTICE TO INMATE** - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

**Section 1a: Briefly state your specific single complaint:** On this date Cpt. Taylor in retaliation denied me my scheduled visitation with Rev. Hartemeyer after naming him as a defendant in litigation filed with the U.S.District Court for the (S.D.Ind),i.e. Purkey v. William Barr, et al., 2:19-cv-00517-JRS-DLP filed Oct. 28th, 2019. Whereas' such litigation seeks redress and remedy for the protracted abuses that Cpt. Taylor and Warden Watson have deliberately imposed against me by their Directive to wake me up every fifteen minutes throughout the day and night, as delineated and enunciated through the action pending before the Southern District, which both Cpt. Taylor and Warden Waston have readily admitted authorizing and mandating SCU Staff, i.e. designated A-Range Staff to comply with. On this date Cpt. Taylor made the decision to deny my visitation based on his retaliatory animus against me for filing such litigation - in denying my visitation with my Religious advisor despite this being the last visit that he and I will ever have together -

Continued

Next Page

**Section 1b: Briefly state the resolution you request:** As mandated pursuant to 42 U.S.C. §1997e - whereas based on the fact that my execution date is scheduled for December 13, 2019 my daughter's estate will carry through with such litigation including this acute violation of well established law.

| Inmate Signature: | |
|---|---|
| Counselor Printed Name/Signature: | |

| Section 2: Department Assigned | | |
|---|---|---|
| Date Assigned: 11-19-19 | Date Due: 11-26-19 | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | Food Service | ☐ | Unit Mgmt | ☐ | Unicor | ☐ | Education |
| ☐ | Psychology | ☐ | Medical | ☐ | Chaplain | ☐ | Recreation |
| ☐ | Trust Fund | ☒ | Custody | ☐ | Facilities | ☐ | Safety |
| ☐ | ISM/Mailroom | ☐ | Admin. | ☐ | SIS | | |

**Section 3: Department Head Response:**

Issue Resolved Comments:

Issue Un-resolved Comments:
X    See the Attached Response

Unable to Address Issue Comments:

| Inmate Signature if Resolved: | | Date: |
|---|---|---|
| Staff Signature: | | Date: 1-25-19 |

**Section 4: Tracking:**

| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | 10-24-19 | 11-19-19 | 11-25-19 | 11-26-19 | | |
| Time | 1200 | 6ocAM | 1oPm | 815Am | | |
| Staff | AS | AS | AS | AS | | |

THX-1330.18C

Page 7

**ATTACHMENT 15**

Wesley I. Purkey #14679-045
November 16th, 2019

BP - 8 Continued
Retaliation/Cpt. Taylor

whereas I am scheduled to die by lethal injection underneather Cpt. Taylor's watch on December 13th, 2019. Cpt. Taylor has not hidden his ossify animus against since he assumed the duties of being the facility Captain - which is delineated and brought to bear through the immediate litigation being prosecuted in the Southern District Court. As SCU Staff and executive administrative staff have readily reiterated through the past three months since Watson designated me with an execution date on July 25th, for December 13th, 2019 that, "I am one of the biggest pieces of shit on the unit and I deserve to die for the crimes that I committed." See Complaint §(s)(9) thr (17). Cpt. Taylor, nor Warden Watson have hidden their deep rooted animosity toward for the past several months since designated me with an execution date going so far as denying me the most fundament rights to receive a religious diet, coercing to eat either uncooked food and/or to go hungry, whereas such issues of this nature is ongoing and protracted. This date, Cpt. Taylor who is vividly aware that I am to be put to death in the Terre Haute, Execution Chamber where he has ran different mock executions in the past month gearing up for the murders to take place at the hands of Cpt. Taylor and his staff - he has been reiterated to me on several different occasions that, "we cannot wait until you meet your fucking fate finally on December 13th and stop filing all of your fucking b.s." In fact these sentiments were expressed by staff on the same date that Cpt. Taylor and Lt. Parker physically took me out of my cell and then ransack my cell for my refusal to be seen by pyschology. Here Cpt. Taylor's denying me my most fundamental right to visit with my religious advisor just days before my execution strikes at the heart of a person's most fundamental right is when just three weeks away from being put to death. But as Cpt. Taylor and his staff have shown through word, deed and action that they cannot wait for that day to come.

As OIC Holstien and C.O. Raymond clarified this date that, "Cpt. Taylor has decided not to allow you to visit today and choice other inmates over you because of the distance that they traveled. Not one of the other inmates who Cpt. Taylor showed a preference to in making this decision has a pending execution date period, let alone in three weeks. So he decided that it was best to allow these other inmates to visit with family and friends based solely on distance traveled - although they could travel back to Terre Haute on another day to visit - and their love one (inmate) would still be at Terre Haute alive and breathing, whereas Cpt. Taylor and his little squard will take my final breath from me in three weeks, whereas my visitor will no longer be afforded with the option of returning to visit. Cpt. Taylor's decision was based on his ossify animus against me which is motivated by his deep seeded resentment against me for not only being one of the biggest pieces of crap on death row, as the Attorney General Barr reiterated was the reason that I was one of the five selected to designated with an execution date on July 25th, but whereas Cpt. Taylor and Watson have not hidden such sentiments either as seen in their actions, words and deeds, as on this date denying me my schedule visitation with my religious advisor prior to my execution. Such retaliation strikes at the heart of a death row inmate's most fundamental rights just days prior to their execution and stands in acute violation of well established law under tenets of the First Amendment.

<u>End Of Extra Page BP - 8</u>

<u>cc: file</u>; K. Siereveld/Ig.Dpt.;Ms. Rebecca Woodman/KCMO; Mr. George Kouros

<u>Declared To Under Penalty of Perjury</u>

The undersigned does attest that the above and foregoing is true and correct to the best of his knowledge and does so under penalty of perjury pursuant to 28 U.S.C. §1746. Executed on this 16th day of November, 2019.

Wesley I. Purkey / declarant

Administrative Remedy-Informal Resolution

This is in response to your Administrative Remedy receipted November 19, 2019, in which you made an allegation that Captain Taylor intentionally refused you religious visit as retaliation for filing litigation against him.

Religious Visits are to be conducted as a non-contact visit that is arranged by the Religious Services Department at the institution. Due to unforeseen events leading up to and including the day of your visit, some of the non-contact visiting area in the Special Confinement Unit was inoperable, staff were working to correct this issue, and unfortunately this issue was not resolved before your visit was scheduled to take place. Captain Taylor made the decision to cancel your visit, this decision was made using sound correctional judgement and not for retaliatory reasons. After speaking with Religious Services your visit has been rescheduled for November 30, 2019.

I trust that this adequately addresses your concerns.

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

**U.S. DEPARTMENT OF JUSTICE**                           **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Purkey Wesley I.**      **#14679-045**      **SCU**      **USP/TH**
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A– INMATE REQUEST**   This administrative remedy timely follows the November 25th, 2019 Response of the attached BP-8 which sought redress and remedy for the deliberate retaliatory actions by Cpt. Taylor in denying my scheduled visitation with my Minister-of-Record on November 16th, 2019 in speciously claiming that my visitor had not driven the same distance as the other visitors' who were allowed to visit SCU Inmates. Of course Cpt. Taylor claims through the most disingenuous equivocation that my visitor was denied visitation based on "sound correctional judgment." Sound Correctional Judgment Capt. Taylor seeks solace under for the palpable and malicious decision to turn my visitor away and allow other SCU Inmates to visit. Perhaps the true man of integrity that Cpt. Taylor surely is can actually come forward with a legitimate clear cut answer for the disparate treatment particularly seen that I have execution date of less than three weeks away. Without a doubt Cpt. Taylor's decision to deny me my scheduled visitation was based on nothing else than unidentified "sound correctional judgment," what else could cpt. Taylor of denied my visitor the right to visit an inmate awaiting execution over other inmates who are not. What other legitimate reason could there of been other than the spurious disingenuousness that Cpt. Taylor spews to justify his malicious retaliation taken against me rather than to claim that it was based on unidentified "sound correctional judgment." Pathetic to say the least! This avails this issue of retaliation at this level of the applicable administrative procedures pursuant to 42 U.S.C.§1997e. Collateral to this issue contrary to the Administrative Clerk an inmate is not required to specify relief when seeking redress and to document abuses of their confinement. See Purkey v. CCA Det. Ctr., 263 F.App'x 723, 726 £10th Cir. 2008·; see also Rogers v. Colo. Dep't Corr., 2019 U.S. LEXIS 159001 (D.Colo. Sept. 18th, 2010). Thank you for your genuine attention to this matter and of course please ulitize 'sound correctional ajudgment when thoroughly investigating the fine Spt. Taylor's disingenuous equivaction in his self serving response.

November 25th, 2019              _____ SIGNATURE OF REQUESTER _____

**Part B– RESPONSE**

---

     DATE                         WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE             CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                      CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

     DATE                        RECIPIENT'S SIGNATURE (STAFF MEMBER)       BP-229(13)
USP LVN                                                  APRIL 1982

**Requirement for submission of this request directly to the Regional Director, Bureau of Prisons.**

When the inmate believes that he may be adversely affected by submission of this request at the institution level because of the sensitive nature of the complaint, he may address his complaint to the Regional Director. He must clearly indicate a valid reason for not initially bringing his complaint to the attention of the institution staff.

If the inmate does not provide a reason, or if the Regional Director or his designee believes that the reason supplied is not adequate, the inmate will be notified that the complaint has not been accepted. The form sent to the Regional Director will not be returned. However, the inmate may prepare a new request and submit it at the institution if he wishes.

Remedy No.:  998612-F1                                      FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted November 26, 2019, in which you allege a staff member denied your visit based on deliberate, retaliatory actions toward you due to pending litigation. You made no specific request for relief.

A review of your request reveals not all visiting rooms in the Special Confinement Unit (SCU) were operational on the date in question.  Further review revealed Institution Supplement THX-5267.09C, Section V, General Visiting Procedures, states, "In the event of overcrowding, generally those inmates who have used the most visits will have their visit terminated first. However, the Visiting Room Officer shall also give consideration to the distance the visitor has traveled, the visitor's relationship to the inmate and frequency of previous visits. If it should become necessary to terminate visits, the Operations Lieutenant and Institution Duty Officer will be notified and will authorize the termination of specific visits." The Institution Supplement was reviewed and considered when a decision was made to terminate your visit on this specific occasion. As a result of this decision, your visitor was allowed to make arrangements for another visit at a later date.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

_____12/19/19_____                    _____
Date                                       T. J. Watson, Complex Warden