Attachment 1

## FCC Terre Haute

### Administrative Remedy – Informal Resolution

747

| Inmate Name: Purkey Wesley Ira | Register #: 14679-045 |
|---|---|
| Unit: SCU | Date Submitted: November 15th, 2019 |

**Section 1: NOTICE TO INMATE** - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

**Section 1a: Briefly state your specific single complaint:** This seeks both redress and remedy for C.O. Pruitt's deliberate harassment, as well as to document such based on her continuous actions in denying me sleep for the past three months. Pruitt contends as she did this past night, November 14th, 2019 that based on the Warden's July 25th, 2019 -Directive that she is mandated to perform (15) fifteen minute rounds on the unit to make sure that each of the five inmates with execution dates are alive and breath. Each one of the 32 - 35 rounds that Pruitt makes nightly she deliberately shines the flashlight directly in my eyes and/or illuminates my entire cell with her (5) five battery flashlight to make sure that I am both alive and breathing. In combination with C.O. Pruitt performing her 32-35 or more rounds on the range every night, a Lieutenant as well makes nightlay rounds holding a flashlight directly in each inmate's face, including my own making sure that I am alive and breath, as well as SCU Staff in turn making arbitrary rounds on the

Continued Next Page

**Section 1b: Briefly state the resolution you request:** to document the constant abuse and the dire physical and mental consequences resulting from such abuse stemming from the date I was given an execution date on July 25th, 2019.

| Inmate Signature: | |
|---|---|
| Counselor Printed Name/Signature: Asha Ashton | |

| Section 2: Department Assigned  SIS/Custody | |
|---|---|
| Date Assigned: 11-18-19 | Date Due: 11-25-19 |

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ | Food Service | ☐ | Unit Mgmt | ☐ | Unicor | ☐ | Education |
| ☐ | Psychology | ☐ | Medical | ☐ | Chaplain | ☐ | Recreation |
| ☐ | Trust Fund | ☐ | Custody | ☐ | Facilities | ☐ | Safety |
| ☐ | ISM/Mailroom | ☐ | Admin. | ☒ | SIS | | |

**Section 3: Department Head Response**

Issue Resolved Comments:

Issue Un-resolved Comments:

Unable to Address Issue Comments:

This is repetitive. A fact finding and response have been done on this issue already.

| Inmate Signature if Resolved: | Date: |
|---|---|
| Staff Signature: | Date: 11-9-19 |

**Section 4: Tracking**

| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | 11/15/19 | 11-18-19 | 11-19-19 | | | |
| Time | 8:45 | 6Am | | | | |
| Staff | WW | AS | AS | | | |

THX-1330.18C

**ATTACHMENT 16**

Wesley I. Purkey #14679-045
BP-8 Continued

November 15th, 2019
Continuous Harassment

range waking myself up and the other four inmates also to make sure that we are all "alive and breathing." As SCU Staff have reiterated many times over that, "Barr selected these particular five inmates to die first because they are the biggest pieces of shit on the unit." And so the harassment by Pruitt and other SCU Staff Members, as well as given lieutenant(s) have span a three month period and is ongoing undauntted, whereas Warden Watson and Cpt. Taylor have readily conceded that such harassment stems from their mandate that the five inmates on Range be waken-up every fifteen (15) minutes - 24/7 to verify that each inmate is "alive and breathing." In fact Warden Watsond with-Cpt. Taylor present at my cell door clarified that, "along as staff is only utilizing a flashlight to wake me up every fifteen minutes - 24/7 and not shaking my cell door that - that was alright!

The protracted sleep deprivation for a three (3) month period under the directive of Warden Watson and Cpt. Taylor, as carried out by C.O. Pruitt and other SCU Staff has taken a severe and chronic conseq- uences both physically and mentally. And because I am three weeks from being executed staff such as Pruitt has readily reiterated that, "no one gives a damn about what consequences you are suffering from us keeping you wake, because you will be dead in a month. Whereas Puritt and other staff advised me that, "if you write that up then I'll write your ass up for lying." Such abuse of power is ongoing and causing me severe physical and psychological problems, whereas I am in fear of being subject to retaliatory disciplinary action, as I have in the past for seeking redress and documenting such abuse via the administrative pro- cesses.

## Signed Under Penalty of Perjury

The undersigned does attest under pains of perjury that the above and foregoing is true and correct to the best of his knowledge and beliefs pursuant to 28 U.S.C. §1746. Executed on this 15th day of November, 2019.

_Wesley I. Purkey #14679-045_
declarant

end of extra page BP - 8

Gore 11/19/2019 9:54 AM >>>
This is repetitive. A fact finding and response have been done on this issue already.


Lt. Gore acknowledges the conditions of confinement and condones such based on the directives issued by both Warden Watson and Cpt. Taylor regarding A-Range Staff making fifteen (15) minutes to verify inmates are alive and well.

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Purkey      Wesley      I.          #14679-045          SCU          USP/TH
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A– INMATE REQUEST**   This administrative remedy timely follows the attached BP-8 which was returned to me on this date, November 19th, 2019 w/o response given. These issues of abuse of sleep deprivation have continued undaunted since July 25th, 2019, as described through the attached material, which C.O. Pruitt readily attest to being the mandate/ directive issued by Warden Watson and Cpt. Taylor. Whereas' litigation is pending seeking redress and remedy for the protracted, ongoing and chronic abuses as delineated and enunciated through the attached mateerial. See Purkey v. Watson, et al., 2:19-cv-00517-JRS-DLP (S.D. Ind Oct. 28th, 2019). This material exhaust this level of the applicable administrative procedures pursuant to 28 U.S.C. § 1997e. Thank you for your attention to such. Under applicable BOP Policy anent administrative remedies it is not mandated that relief is requested, whereas under applicable statutory requirements as provided herein exhaustion of such administrative remedies per issues presented must be fully exhausted prior to seeking redress via the courts'. id. That is if such relief is available at the stage original grievance procedures is designated. Here' providing the directive of Warden Watson and Cpt. Taylor that underscores the alleged sleep deprivation is premise on is requested, as requested turn C.O. Pruitt and other similar situated staff immediately stop invoking the abuse underscoring such protracted, ongoing and chronic sleep deprivation from occurring.

November 20th, 2019
DATE                                          SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RECEIVED
USP Terre Haute
NOV 20 2019
Administrative
Remedy Clerk

DATE                                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**          CASE NUMBER: 958039-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

DATE                                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN          PRINTED ON RECYCLED PAPER          BP–229(13)
APRIL 1982

Remedy No.:   998039-F1                                    FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted November 20, 2019, in which you allege staff are making rounds frequently. You further state this is subjecting you to sleep deprivation. You made no specific request for relief.

A review of your request reveals that this allegation is repetitive in nature and was previously addressed in Administrative Remedy 987526-F1. You have provided no new information warranting further review of this issue.

Therefore, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Tower II, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

_____                    _____
Date                                        T. J. Watson, Complex Warden

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Purkey   Wesley   I.          #14679-045          SCU          USP/TH
    LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL** This Regional Appeal timely follows the Warden's December 5th, 2019 Response to the attached BP-9 received by me on December, 10th, 2019. See Sp. Ex. (A)/hereto attached. Contrary to the Admin.Rd./Clerk's contentions otherwise this material is not repititive to prior redress sought anent such conditions' of A-Range Confinement Issues such as the constant (15) minute rounds being made to verify that inmates' with execution dates are alive and well, as delineated and enunciate through the attached material. Whereas' litigation is pending in the Southern District of Indiana regarding such abusive conditions of confinement and the attached material brings to bear the continuous, protracted and ongoing nature of such abusive conditions denying me sleep and the sentiments underscoring such abuse by applicable staff. The issues presented are being exhausted through all stages of the applicable admin.rd. procedures pursuant to mandates established and promulgated under 42 U.S.C. § 1997e.

Thank you for your attention to such issues presented herein.

Dec. 11th, 2019                                    _Wesley J Purkey_
          DATE                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____                              _____
          DATE                                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY                    CASE NUMBER: 998039-R1

---

**Part C - RECEIPT**

                                                  CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____              _____
          DATE                        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                                              BP-230(13)
                                                                    JUNE 2002

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B – Response**

**Administrative Remedy Number:** 998039-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on December 17, 2019, in which you allege staff is conducting constant fifteen-minute rounds. You make no specific request for relief.

The information presented in your Regional Administrative Remedy Appeal and the Warden's response, dated December 5, 2019, was reviewed. This issue was previously addressed in Administrative Remedies 987526-F1 and 991828-R1. Staff are required to view inmates in continuous lockdown units to ensure their health and welfare. The Warden also stated the matter of staff making excessive rounds will be forwarded to the appropriate investigative authority for review. You have not provided any evidence staff acted contrary to policy.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_____1-30-2020_____
**Date**

_____
J. E. Krueger, Regional Director