UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

WESLEY I. PURKEY,                    )
                                     )
        Plaintiff,                   )
                                     )
            v.                       )        Cause No. 2:19-cv-00541-JMS-DLP
                                     )
J.T. WATSON, *Complex Warden*,       )
TAYLOR, *Captain*,                   )
                                     )
        Defendants.                  )

**NOTICE REGARDING RIGHT TO RESPOND TO AND SUBMIT
EVIDENCE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Defendants, Complex Warden Thomas Watson and Captain Timothy Taylor, in their individual capacities, by counsel, have filed a motion seeking summary judgment. This means that the Defendants seek to have some part or all of this lawsuit decided against you without a trial. This motion is based on the evidence presented in the declarations, affidavits, and documents attached to or referenced in the motion for summary judgment or based on the argument that you are unable to offer admissible evidence in support of your claim.

You have the right to file a response to the motion. Each of the facts stated in the "Statement of Material Facts Not in Dispute" which accompanies the motion for summary judgment will be accepted by the court as being true unless you submit your own affidavits or other admissible evidence disputing those facts. Your response may also dispute the admissibility of the evidence relied on in support of the motion for summary judgment. *However, a failure to properly respond will be the same as failing to present any evidence in your favor at trial.*

You must file and serve a copy of your response to the motion for summary judgment by

**March 30, 2020**, or by other such date ordered by the Court.   If you need more time to respond, you must file a motion with the Court asking for more time before the deadline expires.   The Court may, but is not required to, give you more time.

Your response must also comply with all other portions of Federal Rule of Civil Procedure 56, and with S.D. Ind. Local Rule 56-1, set forth below.   Please note that for these rules you are considered a "party," the "non-moving party" and/or the "non-movant."

Rule 56 of the Federal Rules of Civil Procedure provides the following:

**Federal Rule of Civil Procedure Rule 56. Summary Judgment**

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

(1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

2

interrogatory answers, or other materials; or

**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**(2)** *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3)** *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.

**(4)** *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

**(1)** defer considering the motion or deny it;

**(2)** allow time to obtain affidavits or declarations or to take discovery; or

**(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

**(1)** give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials—including the facts

considered undisputed—show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) **Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts

that may not be genuinely in dispute.

(g) **Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

(h) **Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

S.D. Ind. Local Rule 56-1 provides the following:

**Local Rule 56-1 – Summary Judgment Procedure**

(a) **Movant's Obligations.** A party seeking summary judgment must file and serve a supporting brief and any evidence (that is not already in the record) that the party relies on to support the

4

motion. The brief must include a section labeled "Statement of Material Facts Not in Dispute" containing the facts:

>    **(1)** that are potentially determinative of the motion; and

>    **(2)** as to which the movant contends there is no genuine issue.

**(b) Non-Movant's Obligations**. A party opposing a summary judgment motion must, within 28 days after the movant serves the motion, file and serve a response brief and any evidence (that is not already in the record) that the party relies on to oppose the motion. The response must include a section labeled "Statement of Material Facts in Dispute" that identifies the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment.

**(c) Reply.** The movant may file a reply brief within 14 days after a response is served.

**(d) Surreply.** A party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response. The surreply must be filed within 7 days after the movant serves the reply and must be limited to the new evidence and objections.

**(e) Citations to Supporting Facts.** A party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence. The evidence must be in the record or in an appendix to the brief. The citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence.

**(f) Court's Assumptions About Facts.** In deciding a summary judgment motion, the court will assume that:

>    **(1)** the facts as claimed and supported by admissible evidence by the movant are admitted

without controversy except to the extent that:

**(A)** the non-movant specifically controverts the facts in that party's "Statement of Material Facts in Dispute" with admissible evidence; or

**(B)** it is shown that the movant's facts are not supported by admissible evidence; or

**(C)** the facts, alone or in conjunction with other admissible evidence, allow the court to draw reasonable inferences in the non-movant's favor sufficient to preclude summary judgment.

**(2)** facts that a non-movant asserts are true to the extent admissible evidence supports them.

**(g) Stipulation to Facts.** The parties may stipulate to facts in the summary judgment process, and may state that their stipulations are entered only for the purpose of the motion for summary judgment and are not intended to be otherwise binding.

**(h) No Duty to Search Record.** The court has no duty to search or consider any part of the record not specifically cited in the manner described in subdivision (e).

**(i) Collateral Motions**. The court disfavors collateral motions—such as motions to strike— in the summary judgment process. Any dispute over the admissibility or effect of evidence must be raised through an objection within a party's brief.

**(j) Oral Argument or Hearing**. The court will decide summary judgment motions without oral argument or hearing unless the court otherwise directs or grants a request under S.D. Ind. L.R. 7-5.

**(k) Notice Requirement for *Pro Se* Cases**. A party seeking summary judgment against an unrepresented party must file and serve the notice contained in Appendix A.

**(l) Compliance**. The court may, in the interest of justice or for good cause, excuse failure to comply strictly with this rule.

Like other documents filed with the court, your response must comply with Southern District of Indiana Local Rule 5-1, which provides:

**(a) Filing**. A document or item submitted in relation to a matter within the court's jurisdiction is deemed filed upon delivery to the office of the clerk in a manner prescribed by these rules or the Federal Rules of Civil Procedure or authorized by the court. Any submission directed to the office of the clerk or any employee thereof in a manner that is not contemplated by this rule and without prior court authorization is prohibited.

**(b) General.** Any pleading, motion, brief, affidavit, notice, or proposed order filed with the court, whether electronically or with the clerk, must:

- be plainly typewritten, printed, or prepared by a clearly legible copying process;

- have at least 1-inch margins;

- use at least 12-point type in the body of the document and at least 10-point type in footnotes;

- be double spaced (except for headings, footnotes, and quoted material);

- have consecutively numbered pages;

- include a title on the first page;

- if it has four or more exhibits, include a separate index that identifies and briefly describes each exhibit;

- if it is a form of order, include a statement of service, in the format required by S.D. Ind. L.R. 5-5(d) in the lower left corner of the document; and

- in the case of pleadings, motions, legal briefs, and notices, include the name, complete address, telephone number, facsimile number (where available), and e-mail address (where available) of the *pro se* litigant or attorney who files it.

**(c) Electronic Filings.** Any document submitted via the court's electronic case filing (ECF) system must be:

- in .pdf format;

- converted to a .pdf file directly from a word processing program, unless it exists only in paper format (in which case it may be scanned to create a .pdf document);

- submitted as one or more .pdf files that do not exceed 10 megabytes each (consistent with the *CM/ECF Policies and Procedures Manual*); and

- otherwise prepared and filed in a manner consistent with the *CM/ECF Policies and Procedures Manual*.

**(d) Non-Electronic Filings. (1)** *Form, Style, and Size of Documents.* Any document that is not filed electronically must:

- be flat, unfolded, and on good-quality, 8.5" x 11" white paper;

- be single-sided;

- not have a cover or a back;

- be (if consisting of more than one page) fastened by paperclip or binder clip and may not be stapled;

- be two-hole punched at the top with the holes 2 ¾" apart and appropriately centered; and

- include the original signature of the *pro se* litigant or attorney who files it.

**(2)** *Request for Nonconforming Fastening.* If a document cannot be fastened or bound as

8

manner. The party must make such a request before attempting to file the document with nonconforming fastening.

**(e) Nonconforming Documents.** The clerk will accept a document that violates this rule, but the court may exclude the document from the official record.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:    *s/ Gina M. Shields*
Gina M. Shields
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2020, a copy of the foregoing *Notice Regarding the Right to Respond to and Submit Evidence in Opposition to a Motion for Summary Judgment* was filed electronically.   Service of this filing will be made on the following ECF-registered counsel via electronic mail:[1]

John R. Maley
BARNES & THORNBURG, LLP
jmaley@btlaw.com

*s/ Gina M. Shields*
Gina M. Shields
Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204

---

[1] Given the current uncertainty of Mr. Purkey's representation status in this matter [*see* Filing No. 20 at ¶ 9], and as to not run afoul of Indiana Rule of Professional Conduct 4.2 (and after consulting with Mr. Maley), undersigned counsel has not served a copy of this filing on Mr. Purkey directly, but only on Mr. Maley, via email.

9